430 So.2d 502 (1983)
Clay W. KEITH, Appellant,
v.
Brenda S. DYKES, et al., Appellee.
No. AQ-136.
District Court of Appeal of Florida, First District.
April 12, 1983.
Rehearing Denied May 12, 1983.
Jim Smith, Atty. Gen., Joseph Lewis, Jr., Asst. Atty. Gen., Tallahassee, for appellant.
James B. Fensom, Barron, Redding, Boggs, Hughes, Fite & Bassett, Panama City, for appellee.
PER CURIAM.
Appellees filed a complaint against appellant, in his official capacity as the Director of the Division of Drivers Licenses of the State of Florida in Bay County Circuit Court. Appellant moved to dismiss and/or abate for improper venue alleging that appellees' cause of action accrued on September 2, 1981, prior to the effective date of Section 768.28(1), Florida Statutes (1981), and therefore this action should have been brought in Leon County, Florida, where the Division maintains its principal headquarters. Section 768.28(1), Florida Statutes (1981), which enlarges venue in actions brought against the sovereign, became effective October 1, 1981. Section 768.28(14), Florida Statutes (1981). However, since compliance with Section 768.28(6), Florida *503 Statutes (1981),[1] is a condition precedent to maintaining a suit and performance of this condition should be alleged in the complaint in accordance with Florida Rule of Civil Procedure 1.120(c), Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010, 1022-1023 (Fla. 1979), appellees could not institute suit on their cause of action until December 11, 1981, when they were notified by the Department of Insurance that their claim was denied. Thus, we find that appellees' cause of action did not accrue until December 11, 1981, after the effective date of Section 768.28(1). See Burleigh House Condominium, Inc. v. Buchwald, 368 So.2d 1316 (Fla. 3rd DCA 1979) and cases cited therein. Accordingly, the trial court's order denying appellant's motion to dismiss and/or abate is AFFIRMED.
ROBERT P. SMITH, Jr., C.J., and LARRY G. SMITH and THOMPSON, JJ., concur.
NOTES
[1] Section 768.28(6), Florida Statutes (1981), provides as follows:

(6) An action shall not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also, except as to any claim against a municipality, presents such claim in writing to the Department of Insurance, within 3 years after such claim accrues and the Department of Insurance or the appropriate agency denies the claim in writing. The failure of the Department of Insurance or the appropriate agency to make final disposition of a claim within 6 months after it is filed shall be deemed a final denial of the claim for purposes of this section... .