452 So.2d 11 (1984)
DEPARTMENT OF TRANSPORTATION, Appellant,
v.
Paige SOLDOVERE, Appellee.
No. AT-429.
District Court of Appeal of Florida, First District.
April 3, 1984.
Rehearing Denied May 22, 1984.
Jim Smith, Atty. Gen., Joseph A. Linnehan, Asst. Atty. Gen., for appellant.
William L. Contole of Ingalsbe, McManus, Wiitala & Contole, North Palm Beach, for appellee.
MILLS, Judge.
Through this interlocutory appeal, the Department of Transportation (DOT) challenges a change of venue. We affirm.
On 18 August 1981, while driving on State Road 811 in Palm Beach County, *12 Soldovere collided with a truck owned by Southern Paper Company. In May 1982, Soldovere brought suit in Palm Beach County against Southern Paper Company and DOT. The complaint alleged, among other things, that DOT was negligent in failing to maintain the road in a safe condition and in failing to warn the public of the allegedly dangerous condition.
On 24 June 1982, DOT filed a Motion to Dismiss and/or Change Venue asserting DOT's common law privilege to be sued only in the county where it maintains its principal headquarters. See, Florida Public Service Commission v. Triple "A" Enterprises, 387 So.2d 940 (Fla. 1980).
In 1981, however, the legislature enacted Section 768.28(1), Florida Statutes (1981), which abrogated this privilege. DOT nevertheless contended Section 768.28(1) was not applicable because Soldovere's cause of action accrued before the effective date of the statute (1 October 1981). Soldovere contested the motion, but did not raise the issue subsequently raised and decided in Keith v. Dykes, 430 So.2d 502 (Fla. 1st DCA 1983); namely, that Section 768.28(1) did apply because a cause of action does not accrue until the Department of Insurance or the affected agency denies or is deemed to have denied the claim in writing pursuant to Section 768.28(6), Florida Statutes (1981).
The trial court in Palm Beach County refused to dismiss the suit, but ruled as to DOT that venue was proper in Leon County where DOT maintains its principal headquarters. The trial court gave Soldovere the option of having the entire case transferred to Leon County or of having only the action against DOT transferred. She elected to have the whole case transferred and did not take an interlocutory appeal from the trial court's order transferring the case to Leon County.
After the case was moved to Leon County, this Court decided Keith v. Dykes. On authority of Keith, Soldovere moved to change venue back to Palm Beach County. The trial court in Leon County, while questioning the wisdom of but not the obligation to follow Keith, transferred the case back to Palm Beach County. This interlocutory appeal by DOT followed.
DOT first contends Soldovere waived the right to object to venue after the case was in Leon County. Citing Cassidy v. Ice Queen International, Inc., 390 So.2d 465 (Fla. 3d DCA 1980), DOT urges that Soldovere's failure to assert the Keith accrual theory when the case was in Palm Beach County resulted in a waiver of the right to assert that theory once Keith was decided and the case was in Leon County. Cassidy held only that a defendant who failed to raise any venue objection in his motion to dismiss waived the right to object to venue thereafter. Here, Soldovere did object to DOT's motion to change venue. The mere fact that she failed to argue a position before there was authority for the position did not preclude her from making the argument once supporting authority became available.
DOT also contends Soldovere's failure to take an interlocutory appeal from the order transferring the case to Leon County resulted in that venue decision becoming res judicata. Yet, if that were so, all arguments which could have been raised on interlocutory appeal but were not would be waived. This is not the case. Florida Rule of Appellate Procedure 9.130(g).
Assuming Soldovere did not waive the right to challenge venue after transfer to Leon County, DOT apparently concedes the trial court in Leon County was bound to follow Keith and transfer the case back to Palm Beach County. Consequently, DOT urges this Court to denounce the rationale of Keith and recede from that decision. Even were we so inclined, we would not recede from Keith because Chapter 83-257, Laws of Florida, now codified as Section 768.28(6)(b), Florida Statutes (1983), has negated the holding of Keith as to all accidents occurring after 1 October 1983, the effective date of Chapter 83-257. Departure from the rule of stare decisis would not alleviate continuing injustice and, in fact, would be little more than redundant in view of Chapter 83-257.
*13 Having decided Soldovere had the right to object to venue after the case was transferred to Leon County and having decided the trial court for Leon County was bound to follow Keith, the remaining issue is whether the case could properly be transferred back to Palm Beach County. Clearly, Soldovere had the right to bring the action in Palm Beach County because under Keith her cause of action did not accrue until after the effective date of Section 768.28(1), Florida Statutes (1981). Were it not for Section 47.131, Florida Statutes (1981), there would be no question that the second transfer was proper.
Section 47.131 provides:
Change of venue; second change, when permitted.  When it appears to the court to which an action has been transferred by a change of venue that any of the grounds for change of venue exist in the county to which the action has been transferred, the court may order a second change of venue, but it shall not be made to the county from which it was originally transferred.
The parties, however, have chosen not to argue the applicability of Section 47.131. As recently pointed out by our sister court in Polyglycoat Corporation v. Hirsch Distributors, Inc., 442 So.2d 958 (Fla. 4th DCA 1984): "When points, positions, facts and supporting authorities are omitted from the brief, a court is entitled to believe that such are waived, abandoned, or deemed unworthy." We therefore affirm without considering the applicability of Section 47.131.
AFFIRMED.
McCORD, GUYTE P., Jr., (Ret.), Associate Judge, concurs.
WENTWORTH, J., dissents with opinion.
WENTWORTH, Judge, dissenting.
I would conclude for reversal because of our obligation to judicially notice the Florida statute in question, which arguably may involve interests in addition to those of a party in venue selection. Although appellant has not cited the statute, it has clearly preserved and pursued the position it supports, i.e., that a change of venue back to Palm Beach County should not be granted. I would therefore reverse the order appealed and remand for application of the statute.

ON MOTION FOR REHEARING DENIED
MILLS, Judge.
Department of Transportation (DOT) moves for rehearing asserting, among other things, that Section 768.28(6)(b), Florida Statutes (1983), applies retroactively. Although DOT did not make this argument in its brief, and it is therefore not properly raised on rehearing, we will explain why Section 768.28(6)(b) is not retroactive.
The Legislature did not expressly provide for retroactivity. Nor do we find any evidence of legislative intent to have Section 768.28(6)(b) operate retroactively. Further, Section 768.28(6)(b) changes the definition of "accrue" as interpreted by Keith v. Dykes, 430 So.2d 502 (Fla. 1st DCA 1983). As a result, the periods of limitation provided in Section 768.28, Florida Statutes (1983), may begin running sooner. In the absence of manifest legislative intent to make changes in periods of limitation retroactive, the change is presumed prospective only. Foley v. Morris, 339 So.2d 215 (Fla. 1976).
The other points raised in the Motion for Rehearing are also without merit.
The Motion for Rehearing is denied.
McCORD, GUYTE P., Jr., (Ret.), Associate Judge, concurs.
WENTWORTH, J., dissents without opinion.