487 So.2d 1152 (1986)
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellant,
v.
Michael SHATTO, Appellee.
No. BJ-287.
District Court of Appeal of Florida, First District.
April 23, 1986.
*1153 Jim Smith, Atty. Gen., and Thomas H. Bateman III, Asst. Atty. Gen., for appellant.
Charles B. Lembcke, of Datz, Jacobson & Lembcke, P.A., Jacksonville, for appellee.

ON MOTION TO STRIKE
BARFIELD, Judge.
This is an appeal from an order of the circuit court denying a motion for change of venue. We have jurisdiction pursuant to Rule 9.130(a)(3)(A) of the Florida Rules of Appellate Procedure.
At issue in this appeal is the proper construction of section 768.28, Florida Statutes (1981). The appellant has argued in its initial brief that an interpretation placed on that statute by this court in Keith v. Dykes, 430 So.2d 502 (Fla. 1st DCA 1983) was incorrect and, in support of that argument, has appended a copy of a "Senate Staff Analysis and Economic Impact Statement" prepared by staff members of the Florida Senate on a bill that amended section 768.28 in 1983. The staff analysis purportedly expresses the true legislative intent with regard to the statute and, according to appellant, points to the incorrectness of the Keith holding. The appellee has moved to strike the staff analysis and references thereto in the brief, arguing that it was not presented as evidence in the trial court and that it is not otherwise properly included in the appendix under Rule 9.220.
We note that legislative staff reports such as the one here at issue have been previously relied upon by Florida appellate courts in construing statutes. In some instances, the opinions do not state how the reports came before the court. See, e.g. State v. Page, 449 So.2d 813, 816 (Fla. 1984) (Adkins, J., dissenting); Auto-Owners Insurance Co. v. Prough, 463 So.2d 1184, 1186 (Fla. 2d DCA 1985); Florida Insurance Guaranty Association v. State ex rel. Department of Insurance, 400 So.2d 813, 817 n. 5 (Fla. 1st DCA 1981). Obviously, these reports may have been first introduced at the appellate level through the advocacy of counsel or through the independent research of the court. In at least two other Florida opinions, however, the courts relied on such reports after they had first been introduced in the trial courts through the mechanism of judicial notice. See Novo v. Scott, 438 So.2d 477 (Fla. 3d DCA 1983), review denied, 446 So.2d 100 (Fla. 1984); Childers v. American Automobile Association, 424 So.2d 116, 119 n. 3 (Fla. 1st DCA 1982), review denied, 438 So.2d 831 (Fla. 1983). We consider this the preferable method, for two reasons. First, the trial court must be satisfied with the authenticity of the documents before judicial notice can be taken. Second, this procedure allows the party opposing the construction urged by the proponent of the report to search for legislative history materials which refute the position of the proponent and to introduce any such materials into evidence.
In this particular case, we grant the motion to strike, but we relinquish jurisdiction to the trial court for 45 days for the taking of evidence on the legislative history of section 768.28. We do so because of the interlocutory nature of this appeal, and because of the obvious public importance of reaching a correct interpretation of the statute. That is, although the trial court's ruling and our treatment thereof on appeal will have an immediate effect on these litigants, cases that involve pure questions of statutory interpretation frequently can and do have an important statewide impact that may not be present in other cases which involve facts peculiar to the particular litigation. We therefore regard it as essential *1154 that the trial and appellate courts have the opportunity to have legislative history completely presented and argued below when it will be helpful in reaching a correct interpretation of a statute. See Jacksonville Electric Authority v. Department of Revenue, 486 So.2d 1350 (Fla. 1st DCA, 1986). Our authority to relinquish jurisdiction to the trial court for this limited purpose is clear. Lelekis v. Liles, 240 So.2d 478 (Fla. 1970).
Upon completion of any evidentiary hearings and the entry of an order, the clerk of the trial court is instructed to forward to this court a certified copy of the order and the supplemental record. The parties may then request leave to file additional or amended briefs. See Snedeker v. Vernmar, Ltd., 139 So.2d 682 (Fla. 1962).
THOMPSON and ZEHMER, JJ., concur.