500 So.2d 568 (1986)
The DEPARTMENT OF TRANSPORTATION, Appellant,
v.
Paige SOLDOVERE, Appellee.
No. 85-1628.
District Court of Appeal of Florida, Fourth District.
December 3, 1986.
Rehearing Denied January 27, 1987.
*569 Jim Smith, Atty. Gen., and Thomas H. Bateman, III, Asst. Atty. Gen., Tallahassee, for appellant.
David C. Wiitala of Ingalsbe, McManus, Wiitala & Contole, P.A., North Palm Beach, for appellee.
GUNTHER, Judge.
The Department of Transportation (DOT) appeals from a final order finding DOT liable for plaintiff, Paige Soldovere's injuries up to the sum of $100,000. We affirm.
DOT argues that the trial court erred where it held that Soldovere's cause of action accrued after October 1, 1981 (after Soldovere notified DOT of her intent to sue), rather than August 18, 1981 (the date of the collision). The accrual date of this action is critical because the legislature modified section 768.28(5), Florida Statutes (1981), on October 1, 1981, increasing DOT's exposure to an individual from $50,000 to $100,000. DOT argues that the $50,000 cap should have been applied here, which would have made DOT liable for the verdict only to the extent of $50,000.
On August 18, 1981, on State Road 811, in Palm Beach County, Florida, Paige Soldovere suffered injuries in an automobile accident. As a result of these injuries, she filed a notice of claim with DOT on December 1, 1981. DOT never responded. DOT was thus deemed to have denied Soldovere's claim. § 768.28(6), Fla. Stat. (1981). Such denial was a condition precedent to Soldovere's right to sue DOT. In May 1982, Soldovere sued DOT alleging that DOT negligently failed to maintain the road in a safe condition and that it failed to warn the public of the allegedly dangerous condition. Soldovere originally filed suit in Palm Beach County. The court issued an order transferring the suit to Leon County. The court in Leon County transferred the action back to Palm Beach County. DOT filed an interlocutory appeal concerning the second change of venue, which was denied. Department of Transportation v. Soldovere, 452 So.2d 11 (Fla. 1st DCA 1984), pet. for rev. denied, 458 So.2d 272 (Fla. 1984) ("Soldovere I"). In Soldovere I, the court also held that the trial court was bound to follow Keith v. Dykes, 430 So.2d 502 (Fla. 1st DCA 1983), which holds that a cause of action does not accrue until the claimant presents the claim in writing and the affected agency denies or is deemed to have denied the claim in writing pursuant to section 768.28(6), Florida Statutes (1981). In essence, this was a determination that Soldovere's cause of action accrued after October 1, 1981.
The cause was finally tried by jury and a verdict in the sum of $1,000,000 was returned in favor of Soldovere. On motion, the trial court determined that DOT was liable for the verdict to the extent of $100,000 rather than $50,000 because the cause of action accrued after October 1, 1981. As stated earlier in this opinion, the accrual date of Soldovere's cause of action is critical because the legislature modified section 768.28(5), Florida Statutes (1981), on October 1, 1981, increasing DOT's exposure to an individual from $50,000 to $100,000.
In the instant appeal, we are bound by the law of the case doctrine to affirm the trial court's ruling that Soldovere's cause of action accrued after October 1, 1981. The law of the case doctrine provides that a previous ruling of an appellate court on an issue actually considered and decided upon in an earlier appeal in the same action continues to be the law of the case, whether correct in principle or not, so long as the facts which the court relied on remain the same. McGregor v. Provident Trust Co. of Philadelphia, 119 Fla. 718, 162 So. 323 (1935). A court may only reconsider a prior settled ruling in exceptional circumstances where reliance on the previous decision would result in manifest injustice. Preston v. State, 444 So.2d 939, 942 (Fla. 1984).
The appellant argues that it would result in manifest injustice to apply the accrual date arrived at in Soldovere I because the Florida Supreme Court has held in a similar setting that the existence of a condition precedent to suit does not properly *570 affect the accrual date. See State Farm Mutual Automobile Insurance Co. v. Kilbreath, 419 So.2d 632 (Fla. 1982). We disagree. It is not manifestly unjust for us to abide by the prior appellate holding in Soldovere I. Contrary to DOT's argument, we find that State Farm is distinguishable from the instant case because it involves an accrual date determined by a private consensual insurance contract rather than a statutorily mandated accrual date as in Soldovere I. Consequently, we affirm the trial court's final order finding DOT liable for Soldovere's injuries up to the sum of $100,000 since we are bound by the law of the case doctrine to find that Soldovere's cause of action accrued after October 1, 1981.
AFFIRMED.
LETTS and GLICKSTEIN, JJ., concur.