PER CURIAM.
The issue in this appeal involves the proper construction of section 768.28(14), Florida Statutes (1981).
Susan Ann Kropff was injured in a car accident on December 29, 1978. She brought an action against the state, alleging that the negligence of the state trooper who conducted the on-scene investigation caused her to be struck by oncoming traffic in a second accident. This court heard an interlocutory appeal regarding pretrial production of records relating to the accident. State v. Kropff, 445 So.2d 1068 (Fla. 3d DCA 1984). Following a jury trial and verdict in her favor, Kropff obtained a judgment for $586,500. The state then unsuccessfully appealed the issue whether it was immune from suit under the doctrine of sovereign immunity. State v. Kropff, 491 So.2d 1252 (Fla. 3d DCA 1986). Kropff sought mandamus to enforce the full amount of the judgment. In the alternative, she sought to compel the state to pay the $100,000 monetary cap on liability, applicable “only to causes of action which accrue on or after October 1, 1981.” § 768.28(14), Fla.Stat. (1981). Kropff filed her administrative claim after the effective date of the statute. The trial court held that Kropff was entitled to $100,000, and the state brought this appeal. We reverse the trial court’s ruling upon a holding that Kropff’s cause of action accrued when she was injured in 1978. See Allstate Ins. Co. v. Metropolitan Dade County, 436 So.2d 976 (Fla. 3d DCA 1983) (statute of limitations began to run on date of accident giving rise to claim). On remand we direct the trial court to reduce Kropff’s judgment to $50,000 in accordance with the statutory cap on recoveries provided in the waiver of sovereign immunity statute in effect in 1978.
We are mindful that our sister court has reached a contrary result in Keith v. Dykes, 430 So.2d 502 (Fla. 1st DCA 1983), and in Department of Transportation v. Soldovere, 452 So.2d 11 (Fla. 1st DCA 1984).[1] We acknowledge direct conflict with Dykes and Soldovere.
Reversed and remanded with directions to reduce the judgment accordingly.

. Based on the law of the case doctrine, the Fourth District Court of Appeal concluded it was bound by the First District’s earlier decision in Soldovere. Department of Transportation v. Soldovere, 500 So.2d 568 (Fla. 4th DCA 1987), rev. granted, No. 70,109 (Fla. June 9, 1987).