519 So.2d 616 (1988)
DEPARTMENT OF TRANSPORTATION, Petitioner,
v.
Paige SOLDOVERE, Respondent.
No. 70109.
Supreme Court of Florida.
January 28, 1988.
Robert A. Butterworth, Atty. Gen. and Louis F. Hubener, Asst. Atty. Gen., Tallahassee, for petitioner.
David C. Wiitala of Ingalsbe, McManus, Wiitala & Contole, P.A., North Palm Beach, for respondent.
McDONALD, Chief Justice.
The decision of the district court in this case, Department of Transportation v. Soldovere, 500 So.2d 568 (Fla.4th DCA 1986), directly and expressly conflicts with this Court's decision in State Farm Mutual Automobile Insurance Co. v. Kilbreath, 419 So.2d 632 (Fla. 1982). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. The issue involved is when a cause of action accrues if a notice of claim for a tort against the appropriate state agency must be filed before suit can be brought. We rule that the cause of action accrues upon the happening of an accident and the attendant injuries.
Soldovere was injured in a car wreck on August 18, 1981. She filed a notice of claim with the Department of Transportation (DOT) on December 1, 1981. DOT did not respond to the notice, and in May 1982 Soldovere filed suit in Palm Beach County alleging that DOT negligently failed to maintain the road in a safe condition and failed to warn of the dangerous condition. The circuit court transferred the case to Leon County, but the case was transferred back to Palm Beach County. On appeal of the second transfer the first district affirmed and held that Soldovere's cause of action accrued after DOT denied her claim, i.e., after October 1, 1981, the date on which DOT's liability under subsection 768.28(5), Florida Statutes (1981), increased from $50,000 to $100,000. Department of Transportation v. Soldovere, 452 So.2d 11 (Fla.1st DCA), review denied, 458 So.2d 272 (Fla. 1984) (Soldovere I). After a jury trial, the court ruled that DOT had to pay $100,000. The fourth district affirmed, claiming the law of the case doctrine bound it to hold that the cause of action accrued after October 1, 1981. Department of *617 Transportation v. Soldovere, 500 So.2d 568 (Fla.4th DCA, 1986) (Soldovere II).[*]
A cause of action for the negligence of another accrues at the time the injury is first inflicted. See Seaboard Air Line Railroad Co. v. Ford, 92 So.2d 160 (Fla. 1956); 35 Fla.Jur.2d Limitations and Laches § 48 (1982). This rule applies whether the action is against a private party or the state. See § 768.28(5), Fla. Stat. (1981). In Keith v. Dykes, 430 So.2d 502 (Fla. 1st DCA 1983), however, the district court held that causes of action against the director of the Division of Drivers Licenses did not accrue until the Department of Insurance notified claimants that their claims were denied. The court reasoned that compliance with subsection 768.28(6), Florida Statutes (1981), i.e., filing a claim and awaiting a response from the Department of Insurance, is a condition precedent to maintaining suit and that the cause of action does not accrue until the condition is fulfilled. The first district in Soldovere I felt compelled to follow its decision in Keith.
Nothing in subsection 768.28(6) suggests that the cause of action accrues only after the notice of claim is filed and is then denied by the appropriate agency. Subsection 768.28(6) provides: "An action shall not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing ... within 3 years after such claim accrues and the Department of Insurance or the appropriate agency denies the claim in writing." This is merely a procedural requirement and does not abrogate the general rule that a cause of action accrues when the injury occurs and the damage is sustained.
Soldovere relies on Berger v. Jackson, 156 Fla. 251, 23 So.2d 265 (1945), which held that when a cause of action accrues after the death of the person against whom it lies the limitation period does not begin to run until there is a grant of administration of the estate, i.e., there is someone capable of being sued. Berger is distinguishable from the case under review because the party capable of being sued here, the state, has always been available. There is simply a procedural requirement that a plaintiff file a notice of claim before bringing suit against the state or its agencies.
State Farm Mutual Automobile Insurance Co. v. Kilbreath, 419 So.2d 632 (Fla. 1982), is more on point. Kilbreath brought an action on his auto insurance policy after the limitations period had run. In the interim period, however, he requested arbitration as required by the insurance contract; Kilbreath claimed arbitration (or its waiver or denial) was a condition precedent to an action on the policy and thus the claim arose after compliance with the condition. This Court held that the claim arose at the time of the accident "since the right of action stem[med] from the plaintiff's right of action against the tortfeasor." 419 So.2d at 633. We find no merit to the fourth district's distinguishing State Farm because Soldovere involved a "statutorily mandated accrual date" rather than one determined by contract. 500 So.2d at 570. This appears to beg the question whether the procedural requirement affects the accrual date of the action.
In State, Department of Highway Safety & Motor Vehicles v. Kropff, 514 So.2d 404 (Fla.3d DCA 1987), the third district recently held that a cause of action accrued at the time of injury rather than when the claim was filed, in direct conflict with Keith and Soldovere. We agree with Kropff and hold that DOT is only liable for $50,000 because Soldovere's cause of action accrued before October 1, 1981.
Therefore, we quash Soldovere II and disapprove Soldovere I to the extent of conflict with this opinion. We remand to *618 the district court with directions that it order the trial court to reduce Soldovere's award to $50,000 in accordance with the applicable statutory cap.
It is so ordered.
OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[*] Soldovere concedes that this Court is not bound under the law of the case doctrine by the decision in Soldovere I. There is language in Greene v. Massey, 384 So.2d 24 (Fla. 1980), suggesting that, following this Court's denial of discretionary review, the decision of the district court becomes the law of the case, binding in Florida. Greene is distinguishable because this Court initially adjudicated a point of law involved in the case. In this case, we did not adjudicate anything.