PER CURIAM.
Plaintiff in a tort action appeals a non-final order of the Broward County Circuit Court granting the defendants’ motion to transfer the action to Leon County. We affirm.
The order granting defendants’ motion to change venue sets forth the following chronology of events: Ms. Kalodish was injured in May 1981; her administrative claim pursuant to section 768.28, Florida Statutes, was denied in November 1981; the present actions were originally filed in Dade County and transferred to Leon County based on the common law venue privilege of a state agency; Kalodish then moved for and was granted transfer back to Broward on the authority of Keith v. Dykes, 430 So.2d 502 (Fla. 1st DCA 1983); Keith was overruled in Department of Transportation v. Soldovere, 519 So.2d 616, 617 (Fla.1988).
Under the Keith court’s construction of the law, the above cited statutory section, which waives the venue privilege of a state agency in negligence causes of action accruing on or after October 1, 1981, was applicable in the present case because the instant cause of action had not accrued until after the administrative claim had been denied. Soldovere holds that the cause of action in such cases (as in tort cases against defendants that are other than state entities) accrues when the injury is inflicted.
It was because of this change in understanding of the law that , the trial court returned the case to Leon County.
Appellees assert that albeit the cited cases seem to say that section 47.131, Florida Statutes (1985) unqualifiedly prohibits return of the case to that county from which it has previously been transferred, the law nevertheless does not prevent the instant transfer. Appellees’ reasoning, with which we agree, is that the original transfer, having been based on the misconstruction of the law by the Keith court, is no transfer at all, but a nullity. All that is happening now is the undoing of a legally improper action of the court.
Appellees analogize to Commission on Ethics v. Lancaster, 421 So.2d 711 (Fla. 1st DCA 1982), pet. for review denied, 430 So.2d 451 (Fla.1983), where, by denying the appellant’s motion to transfer for improper venue, the court violated the doctrine that ordinarily an action against a state agency or officer must be brought in the county where the agency has its official headquarters, except when the “sword wielder” doctrine applies. The appellate court stated, in reversing and remanding for transfer to the proper venue, that in such circumstances all subsequent proceedings are void, citing Board of County Commissioners of Eagle County v. District Court In and For the City and County of Denver, 632 P.2d 1017 (Colo.1981).
GLICKSTEIN, DELL and STONE, JJ., concur.