ERVIN, Judge.
Appellant department appeals from the denial of its motion to change venue, arguing that an intervening opinion of the Florida Supreme Court in Dep’t of Transp. v. Soldovere, 519 So.2d 616 (Fla.1988) (Soldovere II), entered after this court had previously per curiam affirmed an earlier order denying the department’s motion for change of venue, requires that the law of the case be altered and venue of the cause of action be placed in Leon County — the county where the department maintains its headquarters. We disagree and affirm.
When the trial court initially denied appellant’s motion for change of venue from Duval to Leon County, its order was based upon this court’s decisions in Dep’t of Transp. v. Soldovere, 452 So.2d 11 (Fla. 1st DCA 1984) (Soldovere I), and Keith v. Dykes, 430 So.2d 502 (Fla. 1st DCA 1983), both holding, in their interpretation of Section 768.28(1), Florida Statutes (1981), that a negligence cause of action against a state agency does not accrue until the requisite administrative claim has been denied in accordance with the notice provisions of section 768.28(6). Subsequent to the initial order denying the motion for change of venue and this court’s affirmance of same, the Florida Supreme Court in Soldovere II held that a cause of action accrues as of the time of injury — not at the time the claim is denied by the state agency, thereby abrogating Soldovere I and Keith.
As applied to Shatto’s negligence action against the department, Soldovere II represents a substantial change in the interpretation of section 768.28, which, if there had *939 been no prior decision from this court relating to the venue issue, would require, upon the department’s timely motion, that the action be transferred from Duval County to Leon County. Shatto has alleged that his injuries occurred as a result of his fall from a wheelchair in June 1981, due to the negligence of department employees. As a consequence of these allegations, under the Soldovere II holding, Shatto’s cause of action accrued before October 1, 1981, the effective date of the amendment to section 768.28(1), authorizing actions accruing thereafter to be “brought in the county where the property in litigation is located or, if the affected agency ... has an office in such county for the transaction of its customary business, where the cause of action accrued.” See Ch. 81-317, §§ 1-2, Laws of Fla. In the absence of a statute to the contrary, the department possesses a common law privilege to be sued in the place where it maintains its headquarters. See Carlile v. Game and Fresh Water Fish Comm’n, 354 So.2d 362 (Fla.1977).
Although an intervening decision now reveals that our initial affirmance of the order denying change of venue was incorrect, we nonetheless decline to alter the law of the case previously established in our earlier decision. Appellant argues' that Sold-overe II requires that we modify our prior decision, and relies on Brunner Enters. v. Dep’t of Revenue, 452 So.2d 550, 553 (Fla.1984), stating: “An intervening decision by a higher court is one of the exceptional situations in which a court will entertain a request to modify the law of the case.” The above statement, however, must be read in the context of the immediately preceding sentence in which the court said: “[N]o party is entitled as a matter of right to have the law of the case reconsidered, and a change in the law of the case should only be made in those situations where strict adherence to the rule would result in ‘manifest injustice.’ ” Brunner Enters., 452 So.2d at 552-553. We consider that the supreme court’s reference to an intervening decision of a higher court, as constituting an exceptional circumstance for modifying the law of the case, means simply that the occurrence of such circumstance may be a ground for deciding whether adherence to the law of the case might result in manifest injustice to one of the parties in the case.
In Brunner, the court concluded that it would be in the interest of justice for the court to conform its earlier decision to that of the United States Supreme Court in ASARCO Inc. v. Idaho State Tax Comm’n, 458 U.S. 307, 102 S.Ct. 3103, 73 L.Ed.2d 787 (1982), which had held that a state’s inclusion in a nondomiciliary corporation’s tax base, of income from intangibles received from its subsidiaries having no other connection to the state, absent a showing of unitary business, violated the due process clause. The Florida Supreme Court recognized in Brunner that, if it followed the law of the case, the taxpayer would be forced to pay a tax subsequently determined to be unconstitutional by the United States Supreme Court. As a result, the Brunner court obviously considered that if it applied the law of the case under such circumstances, manifest injustice would result to the taxpayer.
No demonstration of injustice has been made by the department in the present case. The department has instead relied exclusively upon the fact of the Florida Supreme Court’s intervening decision in Soldovere II as the basis for its argument that the law of the case should be altered. We think more is required. In the absence of any other facts showing why the law of the case previously established by this court should be modified,[1] we decline the invitation by the department to so act.
AFFIRMED.
SMITH, C.J., and NIMMONS, J., concur.

. Indeed, a reasonable argument can be made that the law of the case should not be altered, *940 because, by allowing the cause of action to proceed in Duval County, the county where the injury occurred, this court is simply following the policy position now adopted by the legislature, by allowing an injured plaintiff to bring an action in the county where the cause of action accrued.