RAMIREZ, J.
Kenneth Sellers and Sylvia Sellers appeal the dismissal of their lawsuit against Kenneth Sellers’ employer, appellee Miami Dade County School Board. We affirm because Kenneth Sellers failed to comply in a timely manner with the notice of claim requirement contained in section 768.28(6), Florida Statutes (1996).
Kenneth Sellers was injured on February 12, 1996, when the machine he was operating crushed his foot, resulting in the amputation of his toes. He filed a claim *1087 for workers’ compensation and on May 12, 1999, gave the School Board notice of his injury and claim for damages. The Sell-erses then filed a multi-count complaint against the School Board and the manufacturer of the machine on February 10, 2000.
The School Board moved to dismiss the complaint alleging that the Sellerses’ notice of injury and claim for damages to the School Board was untimely. The trial court granted the School Board’s motion with prejudice holding that the Sellerses had failed to give notice to the School Board within three years from the date in which the cause of action accrued.
The Sellerses argue that the trial court improperly dismissed their complaint because the limitations period does not accrue on the date of injury, but on the date the wrongdoing is discovered. The Sell-erses allege that the discovery of wrongdoing occurred after Kenneth Sellers’ injury during the taking of certain depositions in the workers’ compensation proceeding.
Section 768.28(6), Florida Statutes (1996), requires that an action against a government entity not be instituted unless a claim is presented “within three years after such claim accrues.” See Levine v. Dade County School Board, 442 So.2d 210 (Fla.1983). “[A] cause of action accrues when the injury occurs and the damage is sustained.” Department of Transp. v. Soldovere, 519 So.2d 616, 617 (Fla.1988). In this case, the Sellerses notified the School Board three years and three months after Kenneth Sellers was injured.
Additionally, the Sellerses proceeded to delay the filing of their lawsuit until almost two years after the discovery of the wrongdoing, despite having obtained the information necessary to discover the wrongdoing on July 17, 1998, during the deposition of Antonio Real. The Sellerses cannot fault the School Board for their own leisurely handling of their claim. The record is also devoid of any evidence that the School Board concealed any wrongdoing subsequent to Kenneth Sellers’ injury so as to toll the limitations period. See Almengor v. Dade County, 359 So.2d 892 (Fla. 3d DCA 1978).
For these reasons, the trial court properly dismissed the Sellerses’ complaint.
Affirmed.