730 So.2d 805 (1999)
Lawrence GRANT, Appellant,
v.
Harry K. SINGLETARY, Jr., Secretary, Department of Corrections, Appellee.
No. 98-01728.
District Court of Appeal of Florida, Second District.
April 7, 1999.
Lawrence Grant, pro se.
Susan A. Maher, Deputy General Counsel, Tallahassee, for Appellee Department of Corrections.
PATTERSON, Acting Chief Judge.
Lawrence Grant, pro se, challenges the denial of his petition for writ of mandamus in which he sought the restoration of canceled administrative gain time and provisional credits. He also contends that he was entitled to overcrowding credits he never received from January 1991 through December 1994. Based on the record before us, we reverse and remand for further proceedings.
Grant committed robbery and burglary on July 10, 1984, which resulted in concurrent twenty-five year sentences. The overcrowding release statute in effect on the date of his offenses was the "Emergency Gain-Time Statute," which was triggered whenever the prison population exceeded "98 percent of lawful capacity for males or females or both." § 944.598, Fla. Stat. (1983). At that time, lawful capacity was defined as "maximum capacity." See Costello v. Wainwright, 489 F.Supp. 1100, 1106 (M.D.Fla.1980). Between July 1988 and January 1991, Grant received 510 days of administrative gain time and 1,370 days of provisional credits. On June 17, 1993, the Department of Corrections (the Department) canceled these credits pursuant to section 944.278, Florida Statutes (1993).
It is a violation of the Ex Post Facto Clause of the United States Constitution to cancel credits that could have been awarded under the overcrowding statute in effect at the time of the prisoner's offense. See U.S. Const. art. I, § 10; Lynce v. Mathis, 519 U.S. 433, 117 S.Ct. 891, 137 L.Ed.2d 63 (1997); Meola v. Department of Corrections, 24 Fla. L. Weekly S27, ___ So.2d ___, 1998 WL 904304 (Fla. Dec. 24, 1998) (denying relief because 99% threshold in effect on date of offense was never triggered). Thus, if the Department canceled any credits that could have been awarded under the 1983 emergency gain-time criteria, Grant would be entitled to restoration of those credits. The Department argues, however, that none of the credits Grant received met the threshold of 98% of maximum capacity. If the Department's *806 factual assertion is correct, then Grant is not entitled to relief on this point. The trial court's order, however, contains no factual findings, and we are unable to determine from the record before us if the overcrowding triggered the 98% maximum capacity for the time periods when Grant received the administrative gain time and provisional credits. Charts contained in our record use the later definition of "lawful capacity" of design capacity plus one-third. Thus, we must remand for the trial court to make a factual determination of whether overcrowding exceeded the threshold of 98% of maximum capacity.
Similarly, if the prison population exceeded the relevant threshold of 98% of maximum capacity during the Control Release Program from January 1991 through December 1994, then Grant would be entitled to credits he never received. See Gomez v. Singletary, 24 Fla. L. Weekly S33, ___ So.2d ___, 1998 WL 892663 (Fla. Dec. 24, 1998) (holding that "the substitution of the Control Release Program by the State for the statutory overcrowding programs in effect at the time of the petitioners' offenses improperly curtailed the availability of future credits" and thus, under Lynce, was an ex post facto violation). However, the Gomez court stated that "for any time-frames in which the prison population did not exceed the relevant percentage thresholds, the Department need provide no relief." Id. at S35, ___ So.2d at ___ (emphasis in original, footnote omitted). The court cautioned that the calculation must be based on the definition of overcrowding in effect at the time of the petitioner's offense. See id. Thus, on remand, the trial court must determine whether overcrowding exceeded the threshold of 98% of maximum capacity from January 1991 through December 1994. If the overcrowding never triggered this threshold, then Grant is not entitled to relief.
We note that Grant also contends that the Department erred in forfeiting 1,475 days of his basic gain time upon his convictions for escape. It is clear, however, that the Department was entitled to forfeit Grant's gain time upon conviction for escape pursuant to section 944.28(1), Florida Statutes (1983), and all subsequent versions of section 944.28(1). Thus, Grant is not entitled to relief on this issue.
Affirmed in part, reversed in part, and remanded.
FULMER and GREEN, JJ., Concur.