739 So.2d 1208 (1999)
Jeffrey SANFORD, Appellant,
v.
The STATE of Florida, Appellee.
No. 98-3252.
District Court of Appeal of Florida, Third District.
August 4, 1999.
Jeffrey Sanford, in proper person.
Sheron Wells, Tallahassee, Assistant General Counsel for Department of Corrections.
Before SCHWARTZ, C.J., and NESBITT and GODERICH, JJ.

ON STATE'S MOTION TO REMAND
PER CURIAM.
The defendant seeks review of the denial of his petition for writ of habeas corpus. We remand for the trial court to make a factual determination of whether prison overcrowding exceeded the statutory threshold set forth in section 944.598, Florida Statutes (1985).
The defendant was incarcerated for an offense he committed on June 21, 1985. Although he is currently serving a number of concurrent sentences, the sentence controlling his release date was imposed for the offense committed on that date. At the time he committed the offense, the only gain time statutes in effect were section 944.275, Florida Statutes (1985), providing for basic, incentive, and meritorious gain time, and section 944.598, Florida Statutes (1985), providing for emergency gain time when the population of the state correctional system exceeded 98 percent of the lawful capacity. At some point during his incarceration, he was awarded 1,250 days of provisional credits pursuant to section 944.277, Florida Statutes (1989). These credits were later canceled.
The Department of Corrections then notified the defendant on March 18, 1997, that in accordance with the decision in Lynce v. Mathis, 519 U.S. 433, 117 S.Ct. 891, 137 L.Ed.2d 63 (1997), his record had "been adjusted to reflect re-application of administrative gain-time and/or provisional credits" and that as a result, his release date was now September 22, 2000. Once again, these credits were apparently canceled, and the defendant's release date was adjusted accordingly.
The defendant filed an informal grievance with the Department of Corrections and was told that his credits had been canceled "due to an invalid restoration under Lynce." A formal grievance to the *1209 superintendent of the Everglades Correctional Institution was denied for the same reason. The defendant then filed a request for an administrative remedy or appeal with the secretary of the Department, relying upon Lynce. The Department responded that under the principles of Lynce, offenders whose crimes were committed between June 15, 1983 and June 30, 1985, and while section 944.598 was in effect, may be entitled to restoration of overcrowding credits only if the Department reached the requisite overcrowding threshold contained in the statute in place at the time the crime was committed during the time overcrowding credits were awarded. The triggering percentage of section 944.598, Florida Statutes (1985), the statute in effect at the time of the defendant's offense, was 98% of the lawful capacity,[1] and because the Department was never in excess of 98% of lawful capacity pursuant to the 1985 statute, during the time he received provisional credits, the defendant was not entitled to restoration of the 1,250 days of provisional credits previously awarded to him.
The defendant then filed his petition for writ of habeas corpus, again seeking relief pursuant to Lynce, and arguing that the Department violated his due process rights and the ex-post facto clause in canceling his credits. The lower court denied the petition, relying on the Department's response to the defendant's request for administrative remedy or appeal. From this denial, the defendant appeals, arguing that he in entitled to restoration of the credits because the Department allegedly surpassed the 98% lawful capacity threshold from February 1991 to December 1994.
The cancellation of credits awardable under the overcrowding statute in effect at the time of the defendant's offense constitutes an ex-post facto violation. See, Lynce, 519 U.S. at 433, 117 S.Ct. 891; Grant v. Singletary, 730 So.2d 805 (Fla. 2d DCA 1999). The defendant is therefore correct that if the Department canceled provisional credits that should have been granted pursuant to the percentage criteria set forth in section 944.598, Florida Statutes (1985), he would be entitled to restoration of those credits. The Department, however, did not appear in the proceeding below. Therefore, charts showing whether the Department exceeded 98% of lawful capacity when provisional gain time credits were awarded to the defendant were not provided to the lower court and are not in the record before us. As in Grant, 730 So.2d at 806, where the trial court's order contained no factual findings as to the Department's percentage capacity and the record before the Second District did not contain charts showing whether the Department exceeded its lawful capacity during the time Grant received overcrowding credits, we must remand the cause to the trial court[2] to make a factual determination of whether prison overcrowding exceeded the appropriate statutory capacity.
If the court below determines, as the Department alleges here, that the Department never reached the threshold requirement contained in the statute during the time the provisional credits were awarded, the defendant would accordingly not be entitled to relief.
NOTES
[1] At that time, lawful capacity was defined as "maximum capacity." See Costello v. Wainwright, 489 F.Supp. 1100 (M.D.Fla.1980); Grant v. Singletary, 730 So.2d 805 (Fla. 2d DCA 1999).
[2] Since every circuit judge has the same authority as any other, we see no reason to require, as the state suggests, that this case be refiled in the general jurisdiction division of the Eleventh Circuit.