801 So.2d 150 (2001)
Clinton ADAMS, Petitioner,
v.
DEPARTMENT OF CORRECTIONS, Respondent.
No. 1D00-3002.
District Court of Appeal of Florida, First District.
November 27, 2001.
*151 Petitioner, pro se.
Louis A. Vargas, General Counsel; Beverly Wood Gibson, Assistant General Counsel, Tallahassee, for Respondent.
BENTON, J.
Clinton Adams petitions for writ of certiorari, asking us to quash the circuit court's denial of his petition for writ of mandamus (styled order denying petition for writ of habeas corpus) and remand with directions that the circuit court order the Department of Corrections (DOC) to award emergency gain-time, administrative gain-time, and provisional credits against sentences he is serving. We deny the petition for writ of certiorari.
Convicted of five felonies committed on or between June 2, 1988, and April 23, 1993, petitioner Adams was sentenced to four concurrent thirty-year sentences, followed by a consecutive nine-year sentence. The sentencing court awarded credit against these sentences for the three years and 148 days he had spent in jail. Only on October 30, 1996, did the DOC take custody of him for service of these sentences.
After exhausting administrative remedies, petitioner sought judicial relief. He contends that he is entitled, on the authority of Gomez v. Singletary, 733 So.2d 499 (Fla.1998), to administrative gain-time under section 944.276, Florida Statutes (1987), provisional credits under section 944.277, Florida Statutes (Supp.1988), and emergency gain-time under section 944.598, Florida Statutes (Supp.1988) (collectively, the overcrowding statutes).
The decision in Gomez does not preclude the possibility that a prison inmate under sentence for an offense committed while an overcrowding statute was in effect might prove that the prison population has risen again since November 30, 1995 (the last date so identified in Gomez) to the applicable threshold. But petitioner has made no such claim here.
Instead, he contends that his case is indistinguishable from that of Alex David Goodwin, one of the petitioners in the Gomez case. Goodwin was in the custody of DOC as early as April 28, 1994, however, see Gomez, 733 So.2d at 503, while Mr. Adams was not in DOC custody until October *152 30, 1996. Under Gomez, no credit has been awarded to any inmate under the overcrowding statutes since November 30, 1995, id. at 514 app., at which time Mr. Adams was still in the Marion County Jail.
The overcrowding statutes were designed to relieve prison overcrowding, and did not confer rights on people who were not in DOC custody. "[P]rovisional credits are ... awarded based solely on the happenstance of prison overcrowding." Griffin v. Singletary, 638 So.2d 500, 501 (Fla.1994), implied overruling on other grounds recognized by Meola v. Dep't of Corr., 732 So.2d 1029, 1031-32 (Fla.1998). "[A]dministrative gain time and provisional credits were temporary devices for achieving federally mandated reduction in prison overcrowding." Langley v. Singletary, 645 So.2d 961, 961 (Fla.1994). Emergency gain-time, administrative gain-time and provisional credits differ in this respect from basic and incentive gaintime, which section 944.275, Florida Statutes (1987), authorized for all prisoners, wherever held.
Section 944.598(2), Florida Statutes (Supp.1988), explicitly limits eligibility for emergency gain-time to "inmates in the system." Section 944.276, Florida Statutes (1987), and section 944.277, Florida Statutes (Supp.1998), also use the word "inmate" instead of the word "prisoner." "Inmate" has not been statutorily defined, but "prisoner" is defined as
any person who is under arrest and in the lawful custody of any law enforcement official, or any person convicted and sentenced by any court and committed to any municipal or county jail or state prison, prison farm, or penitentiary, or to the custody of the department, as provided by law.
§ 944.02(5), Fla. Stat. (Supp.1988). The comprehensive statutory definition of "prisoner" is clearly expansive enough to include somebody in jail awaiting trial. But all three overcrowding statutes consistently eschew the use of the broad, statutorily defined term "prisoner" in favor of the term "inmate," with the evident intention of conveying a narrower meaning.
The "correctional system" is, moreover, statutorily defined as "all prisons and other state correctional institutions now existing or hereafter created under the jurisdiction of the Department of Corrections." § 944.02(1), Fla. Stat. (Supp.1988). County jails are not state prisons. See generally Basic Energy Corp. v. Hamilton County, 652 So.2d 1237, 1238 n. 2 (Fla. 1st DCA 1995) ("[I]t is clear from the way the terms are used in the Florida Statutes that jails and prisons are not considered to be one and the same.").
The Gomez court makes clear that overcrowding credits are unavailable to an inmate who is not in DOC's custody at the time the overcrowding occurs. The court held that "for any time-frames in which the prison population did not exceed the relevant percentage thresholds, the Department need provide no relief," Gomez, 733 So.2d at 506, but granted relief to most of the Gomez petitioners because "they were never awarded any overcrowding credits ... [after] they entered the Department's custody." Id. at 503. Here Mr. Adams did not enter the DOC's custody until after the overcrowding identified in Gomez had subsided below the thresholds.
The petition for writ of certiorari is denied.
ERVIN and BARFIELD, JJ., concur.