BLUE, Chief Judge.
Dwight Ross seeks certiorari review of the circuit court’s order that denied his petition for habeas corpus. Ross claimed that he was entitled to credit against his prison sentences when the overcrowding statutes in effect on the date of his offense were applied to current conditions. We grant the petition and quash the order, remanding for the trial court to reach the merits of Ross’s claim.
In Gomez v. Singletary, 733 So.2d 499 (Fla.1998), the Florida Supreme Court held that prisoners are entitled to the benefit of statutory programs to alleviate prison overcrowding which were in effect at the time of their offenses. The supreme court ordered “the Department [of Corrections] to apply the version of the overcrowding statute [and the definition of lawful capacity] in effect at the time of each petitioner’s offense.” 733 So.2d at 505, 507.
In this case, after seeking credit through the Department’s administrative process, Ross filed a habeas corpus petition. He asked the circuit court to determine “the amount of overcrowding in the Florida [c]orrections system from November 30, 1995, until today.” To state his claim that the prison population exceeded the pertinent levels, Ross alleged specific numbers regarding the bed counts and inmate population at the facility where he is incarcerated. The trial court denied the petition, holding that Ross “falls outside the time period of relief under Gomez because he did not begin his sentence in CF91-05289 until 1996, which was after the last award required under Gomez on March 31,1995.” On appeal, Secretary Moore argues that prison overcrowding has not occurred since November 1995. This is the determinative issue, and it is an issue of fact. There is no record evidence to show the prison population at any time after Ross began serving his sentences. We are sympathetic to the Secretary’s position, but we have seen no case law or records that we can judicially notice regarding the prison conditions in Florida. Therefore, the Department must present evidence to substantiate the Secretary’s position in order to prevail.
As noted by the First District: “Gomez does not preclude the possibility that a prison inmate under sentence for an offense committed while an overcrowding statute was in effect might prove that the prison population has risen again since November 30,1995 (the last date so identified in Gomez) to the applicable thresh *1019 old.” Adams v. Dep’t of Corr., 801 So.2d 150, 151 (Fla. 1st DCA 2001) (stating that Adams did not make such a claim). See also Hernandez v. Dep’t of Corr., 761 So.2d 469, 469 (Fla. 3d DCA 2000) (remanding for “trial court to issue an order to show cause to the Department of Corrections so that a factual determination regarding the applicability of the prison overcrowding provisional credits to this defendant may be determined”).
Applying the basic rule of Gomez, Ross has stated a valid claim to enforce the statutes in effect at the time of his 1991 offense. As noted by Gomez, “for any time-frames in which the prison population did not exceed the relevant percentage thresholds, the Department need provide no relief.” 733 So.2d at 506. But the trial court must make a factual determination of whether the prison population has exceeded the overcrowding thresholds in effect on the date of Ross’s 1991 offense. See Grant v. Singletary, 730 So.2d 805 (Fla. 2d DCA 1999), disapproved on other grounds, Winkler v. Moore, 27 Fla. L. Weekly S373, — So.2d-, 2002 WL 717819 (Fla. Apr. 25, 2002). Therefore, we grant the petition for certiorari, quash the order on review, and remand for further proceedings. “If the court below determines, as the Department alleges here, that the Department never reached the threshold requirement contained in the statute ... the defendant would accordingly not be entitled to relief.” Sanford v. State, 739 So.2d 1208, 1209 (Fla. 3d DCA 1999).
Petition for writ of certiorari granted.
WHATLEY and KELLY, JJ., concur.