363 So.2d 370 (1978)
Robert BINGHAM, Big E Corporation and Hartford Accident & Indemnity Company, Individually and Jointly, Appellants,
v.
Clifton MANSON and Brenda Manson, His Spouse, Appellees.
No. KK-140.
District Court of Appeal of Florida, First District.
September 21, 1978.
Rehearing Denied November 7, 1978.
*371 Carl K. Staas, of Boyd, Jenerette, Leemis & Staas, Jacksonville, and Sharon L. Wolfe, of Greene & Cooper, Miami, for appellants.
P.J. Carroll, and Edward A. Perse, of Horton, Perse & Ginsberg, Miami, for appellees.
BOYER, Judge.
We are again, by this interlocutory appeal, called upon to resolve a venue issue.[1]
Appellees, who were plaintiffs in the trial court, residents of Dade County, were involved in an automobile accident in the State of South Carolina. They commenced an action in Dade County against Robert Bingham, a resident of Duval County, Big E Corporation, a bankrupt Florida corporation having its principal office in Duval County[2] and Hartford Accident & Indemnity Company, a foreign corporation doing business in Florida.[3] In response to appropriate proceedings challenging venue the case was transferred to Duval County.[4]
After conducting discovery proceedings while the case was lodged in the Circuit Court in and for Duval County the plaintiffs (appellees here) filed a motion to change venue back to Dade County pursuant to F.S. 47.122, the "convenience statute". That motion was granted.[5] This appeal followed.[6]
Venue statutes are creatures of the legislature and not the courts. When the language of a statute is clear and unambiguous it is not the prerogative of the courts to construe it differently from the plain meaning of the words employed, nor is the wisdom of the statute within the ambit of the court's authority.
F.S. 47.131 provides:
"When it appears to the court to which an action has been transferred by a change of venue that any of the grounds for change of venue exist in the county to which the action has been transferred, the court may order a second change of venue, but it shall not be made to the county from which it was originally transferred." (Emphasis Added)
*372 Appellee urges that convenience of the parties or witnesses constitutes an exception to the concluded clause of the statute above emphasized. We find no such exception. Indeed, it is pertinent to note that the legislature apparently contemplated such a contention by providing that when it appears to the court to whom the case was transferred that "any of the grounds for change of venue exist in the county to which the action has been transferred" a second change of venue may be ordered "but it shall not be made to the county from which it was originally transferred." More explicit language could have hardly been employed. Clearly, convenience of the parties and interest of justice[7] are within the meaning of the phrase "any of the grounds for change of venue" as that phrase is used in F.S. 47.131.
There, is, though, an even more compelling reason for reversal.
The statutes provide three basic venue alternatives:[8]
(a) Where the defendant resides, or if a domestic corporation, where such corporation has, or usually keeps an office for transaction of its customary business;
(b) Where the cause of action accrued;
(c) Where the property in litigation is located.[9]
It will be noted that in both F.S. 47.011 and 47.051 the legislature saw fit to employ the limiting word "only".
By F.S. 47.122 the legislature provided:
"For the convenience of the parties or witnesses or in the interest of justice, any court of record may transfer any civil action to any other court of record in which it might have been brought."
We conclude that the concluding phrase of the last quoted statute "in which it might have been brought" refers to the three venue alternatives provided by F.S. 47.011 and F.S. 47.051 and is therefore a limitation upon the operation of F.S. 47.122.[10] We essentially held as much in the Ringling Bros. case[11] wherein we said:
"It follows therefore that Sarasota County is a county in which the action `might have been brought.'
"We having found that Sarasota County was a proper forum for the bringing of the action, and it having been established that such is the more convenient forum, it follows that the order transferring the case to Sarasota County pursuant to Florida Statutes § 47.122, F.S.A., was proper."[12]
Our reasoning that the legislature intended to limit change of venue for the convenience of the parties or witnesses or in the interest of justice to a court in another county "in which it might have been brought" under F.S. 47.011 or 47.051 is strengthened by the absence of any such limiting language in the general change of venue statute, F.S. 47.101.
In summary, we hold that inasmuch as Dade County was not one of the alternative counties where the subject action was permitted to have been brought under F.S. 47.011 and it was the county from which the action was transferred to Duval County, the learned trial judge erred when entering the order here appealed by which the action was transferred from Duval County to Dade County.
Reversed and remanded for further proceedings consistent herewith.
McCORD, C.J., and MILLS, J., concur.
NOTES
[1] See Ringling Bros.-Barnum & Bailey Combined Shows, Inc. v. State, 295 So.2d 314 (Fla. 1st DCA 1974); Perry Building Systems, Inc. v. Hayes & Bates, Inc., 361 So.2d 443 (Fla. 1st DCA 1978), Opinion filed August 11, 1978; and Bassett v. Talquin Electric Cooperative, Inc., 362 So.2d 357 (Fla. 1st DCA 1978), Opinion filed August 14, 1978.
[2] Leave was obtained in the bankruptcy proceeding to proceed against the corporation to the extent of its liability insurance coverage.
[3] The amended complaint alleged Hartford Accident & Indemnity Company to be the insurer of the vehicle owned by Big E Corporation which was involved in the accident.
[4] No contentions are made nor points presented calculated to raise the principles of Permenter v. Bank of Green Cove Springs, 136 So.2d 377 (Fla. 1st DCA 1962) nor is it contended that the presence of Hartford Accident & Indemnity Company in the suit vests venue in Dade County. (See Walt Disney World Co. v. Leff, 323 So.2d 602 (Fla. 4th DCA 1975) and Florida Statute 47.011)
[5] The relevant portion of that order provides:

"That the Plaintiffs' Motion for Change of Venue for forum non conveniens and for the convenience of the parties and witnesses, and in the interest of justice is hereby granted. This cause shall be transferred from the Fourth Judicial Circuit in and for Duval County to the Eleventh Judicial Circuit in and for Dade County, Florida."
[6] We confine our opinion to the points raised, which were phrased by appellant thusly:

"I. Did the trial court err in transferring this case to Dade County where the case had originally been transferred from Dade to Duval and the transfer back to Dade is prohibited by Florida Statutes § 47.131?
"II. Did the trial court err in transferring this case to Dade County pursuant to Florida Statutes § 47.122, where Dade County was not a county where the action `might have been brought'?"
[7] The basis for application of F.S. 47.122.
[8] See F.S. 47.011 and F.S. 47.051.
[9] We are not here concerned with nonresident individuals (F.S. 47.011) nor are we concerned with an agent or representative of a foreign corporation (F.S. 47.051).
[10] Appellee urges, without citation of authority, that the concluding clause of F.S. 47.122 applies to jurisdiction of the court to which transferred rather than venue. We reject that contention.
[11] Ringling Bros.-Barnum & Bailey Combined Shows, Inc. v. State, supra.
[12] 295 So.2d at page 323. See also Bassett v. Talquin Electric Cooperative, Inc., supra.