464 So.2d 1267 (1985)
VALENCIA CENTER, INC., a Corporation, Appellant,
v.
PUBLIX SUPER MARKETS, INC., a Corporation, Appellee.
No. 84-1731.
District Court of Appeal of Florida, Third District.
February 26, 1985.
Rehearing Denied March 25, 1985.
*1268 Holland, Starling & Severs and Kenneth Friedland, Titusville, for appellant.
Hahn, Breathitt & Watson and James Hahn, Lakeland, Fla., for appellee.
Before BARKDULL, BASKIN and JORGENSON, JJ.
JORGENSON, Judge.
Valencia Center, Inc. (Valencia), the lessor and defendant below, appeals a final order (1) dismissing with prejudice its counterclaims seeking declaratory judgment on whether the lease is enforceable (count I) and which party is responsible for paying the ad valorem taxes (count II); and (2) granting summary judgment to Publix Super Markets, Inc. (Publix), the lessee and plaintiff below, on the issue of employee parking entitlement under the lease. Valencia also appeals the non-final order transferring venue of count III of its amended counterclaim (which sought to determine Valencia's rights to build over and above the existing rental units with the exception of the Publix unit) back to Polk County, where this action began. We affirm in part and reverse in part.
*1269 Valencia argues that its lease with Publix, which began in 1963 and, with options, runs until 2001, should no longer be enforceable under the doctrine of commercial frustration and/or impossibility. The current property appraisal, based upon market evidence of the present highest and best use for the parcel (a site for a high-rise complex), was approved by this court in Bystrom v. Valencia Center, Inc., 432 So.2d 108 (Fla. 3d DCA 1983), pet. for rev. denied, 444 So.2d 418 (Fla. 1984). Valencia's taxes (on the portion occupied by Publix) are up from $14,728.28 in 1963, when appraised as a shopping center, to $188,048.48 in 1983 under the new appraisal. Valencia contends that payment of the increased tax creates an incapacitating burden upon it and, further, that the purpose for which it entered the lease agreement is frustrated since, at the time the lease was made, Valencia could not foresee the new method of appraisal and subsequent tax leap.
The lease between Valencia and Publix is silent on the matter of payment of taxes. The general rule is that a lessee has no duty to pay taxes or assessments on the property in the absence of an express provision in the lease to the contrary. Annot., 48 A.L.R.3d 287 (1973); Annot., 86 A.L.R.2d 670 (1962); cf. Oven v. Dawirs, 419 So.2d 1186 (Fla. 1st DCA 1982) (where commercial lease silent as to payment of rental tax, lessor has burden of payment). Even though such payment may be a hardship for Valencia, the court cannot rewrite the lease to alter the tax liability. Cf. Thompson v. First National Bank of Hollywood, 321 So.2d 466 (Fla. 4th DCA 1975) (in absence of express agreement to impose such liability on lessee, burden to pay special assessment for improvement to lessee's property falls upon lessor). Valencia, the lessor, is obliged to pay the tax.
Neither the doctrine of commercial frustration nor the doctrine of impossibility apply to release Valencia from the lease agreement. These doctrines are similar, but distinct. Crown Ice Machine Leasing Co. v. Sam Senter Farms, Inc., 174 So.2d 614, 617 (Fla. 2d DCA), cert. denied, 180 So.2d 656 (Fla. 1965); Howard v. Nicholson, 556 S.W.2d 477, 482 (Mo. Ct. App. 1977). The doctrine of commercial frustration is limited to cases where performance is possible but an alleged frustration, which was not foreseeable, totally or nearly totally destroyed the purpose of the agreement, Lloyd v. Murphy, 25 Cal.2d 48, 153 P.2d 47 (1944) (lessee's obligation continues where risk of war and consequent limitation made business unprofitable but not impossible); that is not the case here. "Generally speaking, the courts have been careful not to find commercial frustration if it would only result in allowing a party to withdraw from a poor bargain," Perry v. Champlain Oil Co., 101 N.H. 97, 98, 134 A.2d 65, 67 (1957). Valencia's intent when it entered the lease was to make a profit, an intention frustrated by the tax rise; however, Valencia's property can still be used for rental, the purpose of the lease. See Megan v. Updike Grain Corp., 94 F.2d 551 (8th Cir.1938), cert. dismissed, 305 U.S. 663, 58 S.Ct. 1062, 83 L.Ed. 430 (1938) (lessee must continue to pay rent where object of contract, use of grain elevator, possible but tariff rise, anticipated when lease renewed, made use unprofitable); Lee v. Bowlerama Enterprises, Inc., 368 So.2d 913 (Fla. 3d DCA 1979) (doctrine of economic frustration and doctrine of impossibility unavailable to void lessee's purchase contract where zoning change modified but did not negate proposed use of property under lease).
Although impossibility of performance can include extreme impracticability of performance, courts are reluctant to excuse performance that is not impossible but merely inconvenient, profitless, and expensive to the lessor. See Acme Markets, Inc. v. Dawson Enterprises, Inc., 253 Md. 76, 251 A.2d 839 (1969); cf. Frazier v. Collins, 300 Ky. 18, 187 S.W.2d 816 (1945) (lessee remains obligated under lease though contract rendered unprofitable by supervening government wartime regulations). A natural extension to the observation that "nothing is certain but death and *1270 taxes," is that "it is certain that taxes will rise." See Gulfstream Park Racing Association v. State, Department of Business Regulation, 443 So.2d 113, 114 n. 1 (Fla. 3d DCA), approved, 441 So.2d 627 (Fla. 1983). In sum, feelings of financial frustration do not necessarily equate to findings of frustration or impossibility under the law.
Publix filed this action in Polk County and Valencia, the defendant, then asserted its rights under section 47.011, Florida Statutes (1983), to transfer venue to either Brevard County, its principal place of business, or Dade County, where the property is located. The Polk County Circuit Court order transferring venue to Dade County or Brevard County was affirmed on appeal. Publix Super Markets, Inc. v. Valencia Center, Inc., 440 So.2d 361 (Fla. 2d DCA 1983).
We concur with our sister court that venue was improper in Polk County. Therefore, the trial court erred in transferring venue of count III of Valencia's counterclaim from Dade County back to Polk County, and we reverse that portion of the order.
Even if venue initially had been proper in Polk County, a second change of venue transferring this case back to Polk County is prohibited under section 47.131, Florida Statutes (1983). See Bingham v. Manson, 363 So.2d 370 (Fla. 1st DCA 1978).
We agree with the lower court that the lease adequately addressed the issue of employee parking and that, under the lease, Publix is entitled to a reasonable number of parking spaces (determined to be twenty) in a location Valencia selects.
Affirmed in part, reversed in part, and remanded for further proceedings.