PER CURIAM.
George Williams petitions this Court for a writ of habeas corpus. We have jurisdiction. Art. V, § 3(b)(9), Fla. Const.
Williams seeks the award of overcrowding credits pursuant to the United States Supreme Court’s decision in Lynce v. Mathis, 519 U.S. 433, 117 S.Ct. 891, 137 L.Ed.2d 63 (1997), and this Court’s decision in Gomez v. Singletary, 733 So.2d 499 (Fla.1998). In Gomez, this Court addressed gain time in the context of prisoners who were never awarded certain types of credits but should have been awarded such credits. We held that the subsequent revisions in the prison overcrowding statutes which effectively made the petitioners ineligible to receive any credits constituted an ex-post-facto violation. Id. The decision also set forth a set of charts which provided for the number of credits to be awarded for each inmate according to that inmate’s “Offender Group.” The “Offender Groups” were a number of categories of inmates who had been arranged into *575 groups by offense type and date. In a footnote to Gomez we noted that the amount of overcrowding credits to be awarded for each inmate in the respective groups would generally be determined by the charts set forth in the appendixes of the decision. See Gomez, 733 So.2d at 508 n. 14. We indicated, however, that “[i]n-mates not parties to this action are generally bound by these appendixes but retain their right to challenge the applicability of the charts to their particular situations.” Id. (emphasis added).
Since the issuance of that opinion, we have received a large number of petitions from inmates in which the petitioners appear to be challenging the applicability of those charts. Whether an inmate has been properly classified as meeting the criteria for a particular “Offender Group” and whether the inmate had received no disciplinary reports for the pertinent month (so that the inmate was eligible for the actual receipt of the credits under the chart) are clearly individualized concerns which would in almost every case entail a number of factual determinations. In an even more recent decision from this Court we held that we will decline jurisdiction and transfer or dismiss without prejudice writ petitions which “raise substantial issues of fact or present individualized issues that do not require immediate resolution by this Court, or are not the type of case in which an opinion from this Court would provide important guiding principles for the other courts of this State.” Harvard v. Singletary, 733 So.2d 1020, 1021-22 (Fla.1999).
The circuit courts of this State are fully capable of interpreting and applying the legal principles set forth in Gomez and our other recent overcrowding gaintime decisions. See, e.g., Meola v. Department of Corrections, 732 So.2d 1029 (Fla.1998); State v. Lancaster, 731 So.2d 1227 (Fla.1998), cert. denied, — U.S. -, 119 S.Ct. 1591, 143 L.Ed.2d 684 (1999); Thomas v. Singletary, 729 So.2d 369 (Fla.1998), cert. denied, — U.S. -, 120 S.Ct. 200, 145 L.Ed.2d 169 (1999). Further, the circuit courts are the proper courts to adjudicate these issues of fact. Therefore, we take this opportunity to explain that, as in the situation present in Harvard, in the future we will decline jurisdiction and dismiss without prejudice or transfer petitions seeking to challenge a denial or award of overcrowding credits.
Since the administrative burden of transferring these cases has become overwhelming, we direct that any inmates having such claims must file their petitions directly in the appropriate circuit court. From the date that this case becomes final, unless the petition shows upon its face an extraordinary circumstance for the transfer of the case to the appropriate circuit court, this Court will no longer transfer these claims but, rather, will dismiss them without prejudice.
Accordingly, we dismiss the instant petition without prejudice to Williams’ right to refile his petition in the appropriate circuit court.
It is so ordered.
HARDING, C.J., and SHAW, WELLS, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.