774 So.2d 959 (2001)
Therese E. LOTTINGER-SERRAES, n/k/a Therese E. Hirko, Appellant,
v.
Matthew J. SERRAES, Appellee.
No. 1D00-1841.
District Court of Appeal of Florida, First District.
January 17, 2001.
*960 N. Albert Bacharach, Jr., Gainesville, for Appellant.
Elaine Johnson James, Esquire of Nason, Yeager, Gerson, White & Lioce, P.A., West Palm Beach, for Appellee.
BENTON, J.
Therese E. Hirko brings this interlocutory appeal from an order changing venue from Alachua County to Palm Beach County, the very county in which her former husband originally filed his petition seeking to modify the final judgment dissolving their marriage, naming her the primary residential parent of the parties' child, and ordering child support. We have jurisdiction. See Fla.R.App.P. 9.130(a)(3)(A). On the authority of section 47.131, Florida Statutes (1999), we reverse.
After Ms. Hirko's marriage to Matthew J. Serraes was dissolved in Alachua County, his petition to modify the final judgment alleged, he moved to Palm Beach County, and she moved with the child to Mississippi. The petition Mr. Serraes filed in Palm Beach County sought judicial modification of visitation rights and apportionment of transportation expenses, in light of these allegedly changed circumstances.
Through counsel, Ms. Hirko moved to dismiss his petition alleging that, under section 61.13(2)(c), Florida Statutes (1999) (giving jurisdiction to, inter alia, "the circuit court in which the original award of custody was entered"), venue should be laid in Alachua County, where the marriage had been dissolved, rather than in Palm Beach County. The circuit court in Palm Beach County granted Ms. Hirko's motion, and transferred the case to the circuit court in Alachua County.
Mr. Serraes then filed a petition to modify final judgment in Alachua County. In this petition, however, he sought a transfer back to Palm Beach County, alleging that the circuit court in Alachua County was no longer a convenient forum for the parties. Taking the view that Mr. Serraes's petition sought modification of a support order, see section 61.14(1)(a), Florida Statutes (1999) (authorizing an application for reduced support payments "to the circuit court of the circuit in which the parties, or either of them, ... reside [or, inter alia,] ... in which the [original] order was rendered"), *961 the circuit court in Alachua County granted a second change of venue, sending the case back to the circuit court in Palm Beach County.
But Section 47.131, Florida Statutes (1999), outlaws a second change of venue transferring a case back to the court which originally transferred it. See Valencia Ctr., Inc. v. Publix Super Mkts., 464 So.2d 1267, 1270 (Fla. 3d DCA 1985).
When it appears to the court to which an action has been transferred by a change of venue that any of the grounds for change of venue exist in the county to which the action has been transferred, the court may order a second change of venue, but it shall not be made to the county from which it was originally transferred.

§ 47.131, Fla.Stat. (1999) (emphasis supplied). See Piper Aircraft Corp. v. Ashling, 462 So.2d 92 (Fla. 4th DCA 1985); Bingham v. Manson, 363 So.2d 370, 372 (Fla. 1st DCA 1978) ("More explicit language could have hardly been employed.").
The only exception to the statutory prohibition against this sort of judicial ping pong is the rare case in which the initial transferor court is the only court in the state where venue is lawful. See Kalodish v. South Fla. State Hosp., 536 So.2d 287, 288 (Fla. 4th DCA 1988) (affirming transfer of venue back to Leon County based on the common law venue privilege of a state agency to be sued in Leon County); Southeastern Office Supply and Furniture Co. v. Barley, 427 So.2d 1139, 1141 (Fla. 5th DCA 1983) ("Presumably, the purposes of prohibiting the transferee court from changing venue back to the transferor court are to prevent a case from being shuttled back and forth and to prevent coordinate courts from effectively overruling each other.").
Venue in the circuit court of Alachua County is proper, under either section 61.13(2)(c) or section 61.14(1)(a), Florida Statutes (1999). We need not address whether venue in the circuit court of Palm Beach County was also proper. Mr. Serraes could have tested that proposition by appealing the non-final order transferring venue to Alachua County from Palm Beach County, but he did not do so. See Barley, 427 So.2d at 1141 n. 3. There has been no suggestion that venue would lie in any county other than Alachua or Palm Beach counties.
Although section 61.13(2)(c), Florida Statutes (1999) refers to section 47.122, Florida Statutes (1999) (authorizing change of venue for "the convenience of the parties or witnesses or in the interest of justice"), without mentioning section 47.131, the convenience of the parties does not take precedence over the clear prohibition in section 47.131. See Bingham, 363 So.2d at 372 ("Appellee urges that convenience of the parties or witnesses constitutes an exception to the conclud[ing] clause of [section 47.131]. We find no such exception.").
Because venue had already been transferred from Palm Beach County to Alachua County, the circuit court of Alachua County was statutorily precluded from transferring the case back to the circuit court of Palm Beach County. See Publix Super Mkts., 464 So.2d at 1270; Ashling, 462 So.2d at 92; Barley, 427 So.2d at 1141; Bingham, 363 So.2d at 372. The order under review changing venue from Alachua County to Palm Beach County was error.
Reversed and remanded.
MINER and ALLEN, JJ., concur.