BENTON, J.
Alan McConnell petitions for writ of cer-tiorari. He contends that the circuit court departed from the essential requirements of law when it denied emergency gain-time he sought by the petition for writ of habe-as corpus or in the alternative for writ of mandamus that he filed there. On the authority of Gomez v. Singletary, 733 So.2d 499 (Fla.1998), we deny the petition for writ of certiorari.
A state prisoner serving sentences for offenses occurring on March 29 and April 1, 1990, Alan McConnell filed his petition for writ of habeas corpus or in the alternative for writ of mandamus in circuit court after he had exhausted administrative remedies. He has consistently maintained that the prison population exceeded ninety-nine percent of ' lawful capacity, see § 944.598(1), Fla. Stat. (1989), “on several occasions,” entitling him to more than the thirty days’ emergency gain-time the Department of Corrections awarded him.
Relying on Gomez, the trial court denied relief. In the order of denial, the Hon. L. Ralph Smith, Jr. explained that Mr. McConnell could not relitigate the Department’s calculations because the Gomez court had ruled that the Gomez appendices were binding on all inmates, even those who were not parties to the litigation. See Gomez, 733 So.2d at 508 n. 14. See also Winkler v. Moore, 27 Fla.L. Weekly S373, S373, - So.2d --, -, 2002 WL 717819 (Fla. Apr. 25, 2002) (’’finalizing ... the proper Gomez awards for all groups").
We agree that''the decision in Gomez forecloses Mr.'McConnell’s litigating anew in the present case whether the Department had correctly determined the amount of emergency gain-time he and others similarly ' situated were ' entitléd to for any period before November 30, 1995. Importantly, while he has argued that Gomez was wrongly decided on the merits, he has not contended that Gomez’s precluding re-litigation of the merits violates due process. The Gomez court said:
The general relief to be accorded is reflected in Appendices A and B. Inmates not parties to this action are generally bound by these appendixes but retain their right to challenge the applicability of the charts to their particular situations.
Gomez, 733 So.2d at 508 n. 14. Mr. McConnell does not challenge the applicability of these charts to his particular situation. See generally Williams v. Moore, 752 So.2d 574, 575 (Fla.2000) (stating that particular situations not resolved by the appendices included individualized concerns about whether an inmate was properly classified within one of1 the Gomez offender groups- and whether or not an inmate had received disqualifying disciplinary reports for any pertinent month).
The petition filed in circuit court sought “the award of emergency gain time credits for each month the prison population exceeded 99% of lawful capacity from October 19, 1990 to date.” (Footnote omitted.) Since exhaustion of administrative reme *840 dies is required, the petition can be read to allege the period from October 19, 1990, the date Mr. McConnell became a prison inmate, to July 27, 1999, the date he filed his initial grievance with the Department of Corrections. But the petition failed to allege that the prison population exceeded ninety-nine percent of lawful capacity at any time after November 30, 1995. See Adams v. Dep’t of Corr., 801 So.2d 150, 151 (Fla. 1st DCA 2001) (“The decision in Gomez does not preclude the possibility that a prison inmate ... might prove that the prison population has risen again since November 30, 1995 ... to the applicable threshold. But petitioner has made no such claim here.”). Even after the Department responded to the trial court’s order to show cause by citing Gomez, petitioner’s reply to the response gave no indication that he had meant to plead or that he could prove any overcrowding after November 30, 1995, that would entitle him to emergency gain-time.
Instead, he contended below and contends here that the Department of Corrections “has incorrectly determined and calculated the formula in determining ‘total design capacity[,]’ ... and that the calculations the DOC provided in Gomez ... are not accurate.” Petitioner has alleged no basis for relitigating this question, however, nor offered any reason to revisit our conclusion in Black v. Moore, 768 So.2d 1236, 1238 (Fla. 1st DCA 2000), that Gomez resolved the methodology question for periods beginning on and after July 1, 1985. See also Hernandez v. Moore, 773 So.2d 1287, 1287 (Fla. 3d DCA 2001).
The petition for writ of certiorari is denied.
WOLF and KAHN, JJ„ CONCUR.