PER CURIAM.
We grant Massey’s petition for writ of certiorari and quash a circuit court order dismissing his petition for writ of mandamus.
Massey was sentenced to nine years and two months imprisonment. He requested a sixty day gain time credit for completing three vocational courses while imprisoned. The Department of Corrections (DOC) denied his request. Having exhausted his administrative remedies, Massey sought mandamus relief from the circuit court. The court dismissed his petition citing Schmidt v. Crusoe, 28 Fla. L. Weekly S367, — So.2d -, 2003 WL 1987971 (Fla. May 1, 2003).
In Schmidt, the supreme court determined that Schmidt’s mandamus petition, filed in that court, was a collateral criminal proceeding for purposes of determining that he was exempt from the filing fee requirement in his gain time challenge.
The state concedes that the circuit court misapprehended the focus of Schmidt when it concluded that gain time challenges must now be brought by means of a motion for post-conviction relief. In doing so, the state acknowledges the court departed from the essential requirements of law and requests we reverse the portion of the appealed order which dismissed the mandamus petition.
Massey has exhausted his administrative remedies with the DOC. He correctly sought mandamus relief in the circuit court. See Taylor v. State, 780 So.2d 955 (Fla. 4th DCA 2001)(affirming trial court’s denial of post-conviction relief motion filed to challenge DOC’s reduction of his gain time because it had to first be entertained in the DOC; if defendant was not satisfied with the DOC’s ruling, then he could file a petition for writ of mandamus with the appropriate circuit court); see also Bedford v. State, 775 So.2d 402 (Fla. 4th DCA 2000)(holding that a mandamus petition, rather than motion for post-conviction relief, was appropriate remedy to have DOC honor amount of jail credit awarded in each of defendant’s sentences).
We, therefore, quash the order and remand for further proceedings.
STONE, SHAHOOD and HAZOURI, JJ., concur.