870 So.2d 217 (2004)
Lance BURGESS, Appellant,
v.
James V. CROSBY, Jr., Secretary, Department of Corrections, and Florida Parole Commission, Appellees.
No. 1D03-3701.
District Court of Appeal of Florida, First District.
March 23, 2004.
*218 Lance Burgess, pro se, appellant.
Louis A. Vargas, General Counsel, and Beverly Brewster, Assistant General Counsel, Department of Corrections, Tallahassee; Kim M. Fluharty, General Counsel, and Susan Schwartz, Assistant General Counsel, Florida Parole Commission, Tallahassee, for appellees.
PER CURIAM.
Appellant seeks review of an order of the circuit court which dismissed a complaint for mandamus filed pursuant to Florida Rule of Civil Procedure 1.630. We review this order by appeal. Green v. Moore, 777 So.2d 425 (Fla. 1st DCA 2000) (holding that an appeal, rather than certiorari, is the proper method to review the circuit court's denial of an inmate's petition for writ of mandamus where the proceeding is concluded on grounds other than the merits). We reverse and remand for further proceedings.
Appellant is currently serving sentences imposed by the circuit courts in Orange and Lake County. In the complaint for mandamus filed in the Leon County Circuit Court, appellant challenged the revocation of his conditional release by the Florida Parole Commission ("the Commission") and the subsequent forfeiture of gain time by the Department of Corrections ("the Department") pursuant to section 944.28(1), Florida Statutes (2001). Appellant also argued that the Department's sentence calculation resulted in him serving more time in incarceration than was proper.
The circuit court determined that it did not have jurisdiction over the complaint and dismissed it, citing to Schmidt v. Crusoe, 28 Fla. L. Weekly S367, ___ So.2d ___, 2003 WL 1987971 (Fla. May 1, 2003), motion for reh'g filed, No. SC00-2512 (Fla. May 21, 2003). The circuit court held that appellant's challenge to the computation of his criminal sentence was a "collateral criminal proceeding" to the judgment and sentence which resulted in his incarceration. Because appellant was serving a sentence which had not been imposed by the Leon County Circuit Court, that court held that it did not have jurisdiction of the "collateral criminal proceeding" stemming from a conviction and sentence entered by another circuit court.[1] The petition was dismissed without prejudice to appellant's ability to file in the sentencing court for the appropriate relief.
The Commission now files a motion for remand citing Massey v. Crosby, 860 So.2d 529 (Fla. 4th DCA 2003). In Massey, the circuit court, relying on Schmidt, dismissed an inmate's petition for writ of mandamus which challenged an administrative action of the Department of Corrections refusing to award a 60-day gain time credit for completing vocational courses while imprisoned. On certiorari review, the "state concede[d] that the circuit court misapprehended the focus of Schmidt when it concluded that gain time challenges must now be brought by means of a motion for post-conviction relief." Id. at 530. The district court agreed, quashed the order of the circuit court and remanded for further proceedings.
A review of Schmidt and the discussion therein suggests to us that the Supreme *219 Court intended to limit the application of its holding to the question before it: whether the prisoner indigency statute applied to challenges concerning the forfeiture of gain time. The circuit court erred in concluding otherwise. The introductory paragraph in Schmidt states that the Court holds "that an inmate's petition for writ of mandamus challenging a loss of gain time is a collateral criminal proceeding and not a civil lawsuit as contemplated by the Prisoner Indigency Statute" (emphasis added). Schmidt, 28 Fla. L. Weekly at 367, ___ So.2d at ___. The Court further stated that "a gain time challenge is analogous to a collateral challenge to a sentence in a criminal proceeding because the end result is the samethe inmate's time in prison is directly affected" (emphasis added). Id. at 369. The bulk of the analysis section in Schmidt focuses on the Florida Prisoner Indigency Statute, section 57.085, Florida Statutes (2002), and the similar federal Prison Litigation Reform Act of 1995. The Supreme Court noted that both the Florida and federal statutes were principally enacted to discourage the filing of frivolous civil lawsuits, e.g., challenges to prison conditions, but not to prevent the filing of claims contesting the computation of criminal sentences.
To hold that any administrative action affecting a sentence is a "collateral criminal proceeding" and that an inmate must seek relief in the sentencing court extends the holding in Schmidt to areas not explicitly addressed and raises a whole series of issues which were not discussed by the Supreme Court in Schmidt. For example, what is the proper vehicle for bringing such a collateral challenge?[2] Is this an original proceeding rather than a review proceeding?[3] Who are the proper parties?[4] What is the appropriate location for bringing the action?[5] What is the *220 appropriate time limitation, if any, for bringing such an action?[6]
In this case, we are faced with the issue of the appropriate venue for the type of proceeding filed below. Although the Leon County Circuit Court dismissed the petition without prejudice to the appellant's right to seek relief in the sentencing court, this appellant is serving sentences imposed in Orange and Lake County, and there is no guidance provided as to which sentencing court would be the proper court to consider the gain time issue. While issues concerning jail time credit are logically brought to the attention of the sentencing court,[7] a proceeding which challenges the revocation of conditional release and the subsequent forfeiture of gain time pursuant to section 944.28(1), has to do with the inmate's behavior on release and the penalty imposed by forfeiture of gain time after the revocation. In such a case, the Florida Parole Commission and the Department of Corrections, rather than the prosecuting authority, would be the appropriate respondents. Similarly, a prison disciplinary action which results in the forfeiture of gain time has to do with the inmate's behavior in prison, not the original offense for which the inmate was sentenced. The Department of Corrections is the appropriate respondent in such a case. Likewise, Florida Administrative Code Rule 33-601.101 allows the Department to make incentive gain time awards so that inmates may be recognized for their individual effort in work, vocational, educational and self-betterment programs. This was the underlying issue presented in Massey and, again, concerns an inmate's behavior in prison and does not necessarily concern the original offense for which the inmate was sentenced or the court which conducted those proceedings. We conclude that given the nature of the action at issue in this case, the sentencing court is not the appropriate venue.
Because of our concerns and those expressed by the dissent, we certify the following question to be one of great public importance:
DOES THE HOLDING IN SCHMIDT V. CRUSOE, 28 FLA. L. WEEKLY S367[,___ So.2d ___, 2003 WL 1987971](FLA. MAY 1, 2003), MOTION FOR REH'G FILED, NO. SC00-2512 (FLA. MAY 21, 2003), APPLY TO ALL CHALLENGES WHICH AFFECT THE LENGTH OF SENTENCE, INCLUDING THE AWARD OR FORFEITURE *221 OF GAIN TIME, SUCH THAT ANY CHALLENGE MUST BE BROUGHT IN THE SENTENCING COURT?
REVERSED AND REMANDED for further proceedings.
WOLF, C.J., and POLSTON, J., concur. PADOVANO, J., dissents with opinion.
PADOVANO, J., dissenting.
The majority holds that a mandamus petition challenging the loss of gain time is not a collateral challenge to the sentence for the purpose of determining venue. In my view, this decision is inconsistent with the supreme court's holding in Schmidt. The court categorically stated in Schmidt that the inmate's gain time challenge "should be considered a collateral criminal proceeding."
It is true that the supreme court employed this characterization to resolve a different issuewhether the Prisoner Indigency Statute appliedbut I do not think the court's analysis would change if something else were at stake. The court did not state, or even suggest, that it was characterizing gain time petitions as collateral proceedings solely for the purpose of resolving the particular controversy presented by the case. Nor would it make sense to limit the court's opinion in this way. The nature of a legal action does not change like a chameleon. It is either one thing or another.
The weakness in the majority's analysis in this case is that it focuses on the context in which the supreme court characterized gain time petitions in Schmidt, while it avoids the broader implications of the characterization itself. As the majority construes the Schmidt opinion, a petition challenging the loss of gain time can somehow transform itself from a collateral proceeding into a regular civil lawsuit for the purpose of determining venue. I cannot accept this proposition. If a gain time petition is a collateral proceeding, as the supreme court has said, then I assume that it is a collateral proceeding for all purposes.
The majority reasons that a petition challenging the revocation of conditional release cannot be regarded as a collateral proceeding for the purpose of venue, because it "has to do with the inmate's behavior on release" and not the original sentence. Likewise, the majority concludes that a challenge to the loss of gain time in a prison disciplinary proceeding is not a collateral proceeding for the purpose of venue, because "it has to do with the inmate's behavior in prison, not the original offense for which the inmate was sentenced." I would like to agree with this reasoning, but these are the very points the supreme court rejected in Schmidt.
The argument made by the inmate in Schmidt was that a petition contesting the forfeiture of earned gain time should be characterized as a collateral proceeding because it is "akin to a traditional habeas corpus action or a motion for post-conviction relief." 28 Fla. L. Weekly at S368, ___ So.2d at ___. After a detailed inquiry into the nature of the action, the supreme court agreed with the inmate and concluded that a gain time petition is, in the final analysis, a challenge to the sentence. The court emphasized this holding in the following passage of the opinion: "[I]t is apparent that an action affecting gain time does in fact affect the computation of a criminal defendant's sentence, because the length of time the defendant will actually spend in prison is directly affected." Id.
The majority has outlined the problems that will be encountered if a petition challenging gain time is treated as a collateral proceeding for all purposes. I agree with these observations. In fact, I think that *222 this case is but one example of the many problems the courts will face in the wake of the Schmidt decision. These difficulties will arise, in my view, because a proceeding designed to afford appellate review of an administrative decision cannot be compared to a post-conviction proceeding in a criminal case. The differences are both conceptual and mechanical.
The Florida courts have held that an inmate may file a petition for writ of mandamus in the circuit court to review a decision by the Department of Corrections or the Parole Commission because an appeal is not available under the Administrative Procedure Act. See Sheley v. Florida Parole Commission, 703 So.2d 1202 (Fla. 1st DCA 1997), aff'd, 720 So.2d 216 (Fla. 1998). Although styled as a petition for writ of mandamus, the proceeding in the circuit court is essentially a review proceeding. I do not think that a petition for writ of mandamus that is used to review a decision by an administrative agency should be treated as though it were a collateral proceeding in a criminal case.
Although I disagree with the holding in Schmidt, I am bound to follow it. The majority makes a noble effort to avoid a series of potential problems by interpreting the opinion to mean much less than it says. I think the preferable course would be the one the supreme court advised us to take in Hoffman v. Jones, 280 So.2d 431 (Fla.1973). As the supreme court observed in that case, the district courts are free "to state their reasons for advocating change," but they are "bound to follow the case law set forth by this Court." Id. at 434. Because I am unable to accept the limitations the majority has placed on the supreme court's decision in Schmidt, I dissent.
NOTES
[1] "[A] circuit court has no jurisdiction to review the legality of a conviction in another circuit...." State v. Broom, 523 So.2d 639, 641 (Fla. 2d DCA 1988).
[2] There are various methods to collaterally challenge a criminal judgment and sentence. A motion may be filed pursuant to Florida Rule of Criminal Procedure 3.800 or rule 3.850. A petition alleging ineffective assistance of appellate counsel may be filed pursuant to rule 9.141. If an inmate alleges that he is entitled to immediate release, it has generally been held that a petition for writ of habeas corpus is the proper remedy. See Campbell v. Florida Parole Comm'n, 630 So.2d 1210 (Fla. 1st DCA 1994), rev. denied, 639 So.2d 976 (Fla.1994), vacated, 514 U.S. 1094, 115 S.Ct. 1819, 131 L.Ed.2d 742 (1995), reinstated, 657 So.2d 67 (Fla. 1st DCA), cert. denied, 516 U.S. 996, 116 S.Ct. 533, 133 L.Ed.2d 438 (1995). If an inmate is not making a claim to the right to immediate release, a petition for writ of mandamus is the proper remedy. Searcy v. Singletary, 590 So.2d 1034 n. 1 (Fla. 2d DCA 1991), receded from on other grounds, Stovall v. Cooper, 860 So.2d 5 (Fla. 2d DCA 2003); see Turner v. Singletary, 623 So.2d 537, 538 (Fla. 1st DCA 1993)(holding that in certain instances, a petition for writ of mandamus may be the proper remedy to review the denial of gain time).
[3] Generally, the standards of review in an appeal are different from the standard of review in a second tier certiorari review proceeding in the district court. See Philip J. Padovano, Florida Appellate Practice Ch. 9 (2004 ed.).
[4] The Florida Department of Corrections is charged with calculating an inmate's sentence and administering the award and forfeiture of gain time for, among other things, revocation of conditional release and prison disciplinary proceedings. In contrast, the Florida Parole Commission is the agency authorized to set presumptive parole release dates and to determine whether to admit an inmate to conditional release or whether an inmate who violates parole or conditional release should be returned to incarceration.
[5] A rule 3.800 or 3.850 motion is properly filed in the sentencing court. A petition for writ of habeas corpus alleging entitlement to immediate release is properly filed in the county where the inmate is being detained. See Alachua Regional Juvenile Detention Ctr. v. T.O., 684 So.2d 814, 816 (Fla.1996) ("If a prisoner files a habeas corpus petition in circuit court, the petition must be filed in the circuit court of the county in which the prisoner is detained."). If an inmate challenges a gain time issue, but is not claiming the right to immediate release, a petition for writ of mandamus is filed in the county where the Department of Corrections is headquartered. Stovall v. Cooper, 860 So.2d 5 (Fla. 2d DCA 2003); Harris v. State, 713 So.2d 1106 (Fla. 4th DCA 1998); Barber v. State, 661 So.2d 355, 356 n. 2 (Fla. 3d DCA 1995); Singletary v. Powell, 602 So.2d 969 (Fla. 1st DCA 1992); Curry v. Wainwright, 419 So.2d 744 (Fla. 5th DCA 1982). See generally, Dickinson v. Florida Nat. Organization for Women, Inc., 763 So.2d 1245 (Fla. 4th DCA 2000) (holding that a petition for writ of mandamus which challenges the quasi-judicial action of an agency is filed in the county where the agency is headquartered pursuant to the general venue statute, section 47.011).
[6] Rule 3.850(b) limits motions filed under that rule to two years after the judgment and sentence become final; however, rule 3.800 has no similar time limit. Rule 9.100(c)(4) imposes a 30 day time limit to file a petition challenging an order of the Department of Corrections entered in prisoner disciplinary proceedings, however, there is no similar time limit in the rules of appellate procedure to challenge other Department orders on gain time, nor orders of the Florida Parole Commission in parole revocation or presumptive parole release date proceedings.
[7] Brazell v. State, 770 So.2d 189 (Fla. 2d DCA 2000); Riddle v. State, 686 So.2d 16 (Fla. 2d DCA 1996); Fulton v. State, 659 So.2d 491 (Fla. 5th DCA 1995).