903 So.2d 282 (2005)
FLORIDA DEPARTMENT OF CORRECTIONS, Appellant,
v.
Samuel HANSON, Appellee.
No. 1D04-3708.
District Court of Appeal of Florida, First District.
June 7, 2005.
*283 Judy Bone, Assistant General Counsel, Department of Corrections, Tallahassee, for Appellant.
Appellee, pro se.
BENTON, J.
The Department of Corrections (DOC) appeals an "ORDER DIRECTING THE CLERK TO REFUSE TRANSFER," an interlocutory order that had the effect of transferring venue back to the court which had just transferred venue to the court below. Exercising our jurisdiction to hear appeals from non-final orders that "concern venue," Fla. R. App. P. 9.130(a)(3)(A), we reverse and remand the case for further proceedings in the Circuit Court for Leon County.
Samuel Hanson, a prisoner in DOC's custody, filed a petition for writ of mandamus alleging that he was entitled to restoration of thirty days of emergency gain-time on the authority of Gomez v. Singletary, 733 So.2d 499 (Fla.1998) (and that he had exhausted all possibilities for administrative remedies at DOC to no avail). He filed in the Circuit Court for the Second Judicial Circuit in and for Leon County where DOC's headquarters are. See Burgess v. Crosby, 870 So.2d 217, 219-20 n. 5 (Fla. 1st DCA 2004) ("If an inmate challenges a gain time issue, but is not claiming the right to immediate release, a petition for writ of mandamus is filed in the county where the Department of Corrections is headquartered."). See generally McConnell v. Moore, 819 So.2d 838, 839 (Fla. 1st DCA 2002) (declining to disturb the denial of relief on a prisoner's claims for emergency gain-time in proceedings brought against DOC in the Second Circuit).
The Second Circuit originally dismissed the mandamus petition in the present case. But then, sua sponte  while a motion for rehearing of the dismissal was pending  the Hon. Charles A. Francis entered an order transferring the petition from the Second Circuit to "the sentencing circuit, the Circuit Court of the 6th Judicial Circuit in and for Pinellas County, Florida." Remarkably, this initial transfer order was avowedly entered in "light of the ... [then] recent decision in Burgess v. Crosby," 870 So.2d at 220, holding that "the sentencing court is not the appropriate venue" for a DOC prisoner's mandamus petition seeking gain-time.
The Sixth Circuit took a different view of the controlling cases, and described the situation in these words:
The circuit court of the Second Judicial Circuit, in and for Leon County, Tallahassee, Florida, has begun transferring petitions for writs of mandamus against the Department of Corrections to this court, the sentencing court, under the guise that such petitions are "collateral criminal proceedings" pursuant to Schmidt v. Crusoe, [878 So.2d 361] (Fla.2003). The circuit court in and for Leon County has done so even though the First District Court of Appeal has recently concluded that "the sentencing court is not the appropriate venue." Burgess v. Crosby, [870 So.2d 217, 220] (Fla. 1st DCA [] 2004).
The Second District Court of Appeal has expressly held that the proper venue for petitions for writ of mandamus *284 against the Department of Corrections is the county where the Department is located. Stovall v. Cooper, 860 So.2d 5 (Fla. 2d DCA 2003). This court is bound by Stovall. The Florida Supreme Court's limited holding in Schmidt  that the Prisoner Indigency Statute did not apply to prisoner's gain time challenge  does not effectively alter the holding of Stovall. Burgess, [870 So.2d at 220] (a mandamus petition challenging loss of gain time was not a collateral challenge to the sentence for purposes of determining venue).
On this reasoning, the Sixth Circuit ordered its clerk to "transfer the ... petition and case file back to the circuit court from whence it came."
Reviewing the Sixth Circuit's reasoning in the order under review, the Second Circuit concluded that the Sixth Circuit had acted beyond its authority and "respectfully decline[d] to recognize the" Sixth Circuit's order "[b]ecause circuit courts do not have appellate jurisdiction over sister circuit courts." But see generally Matthew 7:3 (King James) ("And why beholdest thou the mote that is in thy brother's eye, but considerest not the beam [or at least the mote] that is in thine own eye?"); Luke 6:41-42 (King James) (same). While it is true that the Sixth Circuit does not have appellate jurisdiction to review rulings by the Second Circuit, just as the Second Circuit does not have appellate jurisdiction to review rulings by the Sixth Circuit, the effect of the order under review was to overturn the Sixth Circuit's order and return the case to the transferor court. See Southeastern Office Supply & Furniture Co. v. Barley, 427 So.2d 1139, 1141 (Fla. 5th DCA 1983) ("Presumably, the purposes of prohibiting the transferee court from changing venue back to the transferor court are to prevent a case from being shuttled back and forth and to prevent coordinate courts from effectively overruling each other.").
The ping pong game is over. We need not decide whether obiter dicta in Lottinger-Serraes v. Serraes, 774 So.2d 959, 961 (Fla. 1st DCA 2001), adopting the Fourth District's view in "Kalodish v. South Fla. State Hosp., 536 So.2d 287, 288 (Fla. 4th DCA 1988) (affirming transfer of venue back to Leon County based on the common law venue privilege of a state agency to be sued in Leon County)" should be given effect in the present case. Our decision today rests squarely and exclusively on "the statutory prohibition against this sort of judicial ping pong." 774 So.2d at 961. See § 47.131, Fla. Stat. (2004); Piper Aircraft Corp. v. Ashling, 462 So.2d 92, 92 (Fla. 4th DCA 1985); Bingham v. Manson, 363 So.2d 370, 372 (Fla. 1st DCA 1978).
Whether the Second District would have reversed on these grounds (or followed the Fourth District's decision in Kalodish), if appeal had been taken from the Sixth Circuit's decision is not, of course, before us at this juncture. Nor are we deciding at this point in the proceedings whether any reason might have existed (none has been urged) to recede from Burgess, if appeal had been taken from the Second Circuit's original order transferring venue. We need decide only whether to uphold the order under review, which is a transferee court's order transferring venue back to a transferor court. We decline to affirm such an order, however styled.
The order directing the clerk to refuse transfer is reversed, and the case is remanded for further proceedings in the Circuit Court for the Second Judicial Circuit in and for Leon County.
BARFIELD and HAWKES, JJ., concur.