PER CURIAM.
Appellant, Julio Mora, appeals the trial court’s order dismissing his Petition for Writ of Mandamus, arguing in part that the trial court erred in dismissing his petition for lack of jurisdiction based on a misinterpretation of Schmidt v. Crusoe, 878 So.2d 361 (Fla.2003). Appellant also seeks review of the trial court’s order denying his motion for rehearing, arguing in part that the trial court lacked jurisdiction to rule on the motion after he filed a notice of appeal regarding the Order of Dismissal. Because we agree with appellant as to both points, we reverse the Order of Dismissal, strike the Order Denying Rehearing, and remand the cause to the trial court for a decision on the merits. We decline to address the remainder of appellant’s arguments as they do not warrant discussion.
Appellant filed a mandamus petition in the trial court, challenging a disciplinary action of the Department of Corrections (“Department”) that resulted in the loss of gain time. The trial court subsequently entered its Order of Dismissal, in which it noted that a challenge to the loss of gain time is analogous to a collateral challenge to a sentence in a criminal proceeding because it directly affects the inmate’s time in prison, citing Schmidt, and found that this case was a collateral criminal proceeding to the judgment and sentence that resulted in appellant’s incarceration. The trial court concluded that it did not have jurisdiction over the proceeding because it stemmed from a conviction and sentence imposed by another circuit court, reasoning that a circuit court has no authority to review the legality of a conviction in another circuit or to review the propriety, regularity, or sufficiency of an order of a court over which it has no supervisory or appellate jurisdiction. Accordingly, the trial court dismissed the case without prejudice to appellant’s ability to seek relief in the sentencing court.
Appellant subsequently filed a Verified Motion for Rehearing, which contains a certificate of service dated November 24, 2003, in the trial court. In December 2003, before the trial court ruled on the motion, appellant filed a notice of appeal regarding the trial court’s Order of Dismissal. On April 7, 2004, the trial court entered an Order Denying Rehearing, finding that the ten-day time period to file a motion for rehearing expired on November 23, 2003, and denying the motion as untimely. This appeal followed.
As appellee, James R. McDonough, concedes, appellant is correct that the trial court erred in dismissing his mandamus petition for lack of jurisdiction. Because this issue is a purely legal one, our standard of review is de novo. See White v. Wal-Mart Stores, Inc., 918 So.2d 357, 358 (Fla. 1st DCA 2005).
*589 In Schmidt, upon which the trial court relied in dismissing appellant’s petition, the supreme court held that an action challenging the forfeiture of a portion of a prisoner’s previously earned gain time constitutes a collateral criminal proceeding, to which section 57.085, Florida Statutes, does not apply, reasoning that such an action directly affects the time an inmate spends in prison. 878 So.2d at 367. Subsequently, in Burgess v. Crosby, 870 So.2d 217, 218-19 (Fla. 1st DCA 2004), we explained that the supreme court’s opinion in Schmidt intended to limit the application of its holding to the question of the applicability of section 57.085 in determining a petitioner’s indigency in such actions. See also Davidson v. Crosby, 883 So.2d 866, 867 (Fla. 1st DCA 2004). We concluded that such actions are not collateral criminal proceedings for the purpose of determining venue. Burgess, 870 So.2d at 218-19. Thus, we held that the Circuit Court for Leon County, where the Department is headquartered, has subject matter jurisdiction over claims challenging a disciplinary action of the Department resulting in a loss of gain time and that Leon County is the proper venue for such claims. Id. at 220; see also Davidson, 883 So.2d at 867. As such, the trial court had jurisdiction to rule on appellant’s petition.
In his second issue on appeal, appellant argues that the trial court erred in denying his motion for rehearing because it lacked jurisdiction to rule on the motion after his notice of appeal regarding the Order of Dismissal was filed. Appellant is correct because he abandoned the motion for rehearing by filing a notice of appeal before the trial court ruled on it. See Fla. R.App. P. 9.020(h) (“[I]f a final order has been entered and there has been filed in the lower tribunal an authorized and timely motion for ... rehearing, ... the following exceptions apply: ... (3) If such a motion or motions have been filed and a notice of appeal is filed before the filing of a signed, written order disposing of all such motions, all motions filed by the appealing party that are pending at the time shall be deemed abandoned, and the final order shall be deemed rendered by the filing of the notice of appeal as to all claims between parties who then have no such motions pending between them.”). Thus, the trial court’s Order Denying Rehearing must be stricken. See Farr v. Farr, 840 So.2d 1166, 1166-67 (Fla. 2d DCA 2003) (striking the trial court’s order resolving a motion for rehearing, which was entered after the appellant filed a notice of appeal, on the ground that the trial court lacked jurisdiction to enter it).
Accordingly, we REVERSE the Order of Dismissal, STRIKE the Order Denying Rehearing, and REMAND the cause to the trial court to address appellant’s mandamus petition on the merits.
BARFIELD, VAN NORTWICK, and LEWIS, JJ., concur.