975 So.2d 583 (2008)
William HEAD, Appellant,
v.
Walter A. McNEIL, Secretary, Florida Department of Corrections, Appellee.
No. 1D07-526.
District Court of Appeal of Florida, First District.
February 28, 2008.
*584 William Head, pro se, Appellant.
Sean T. Garner, Assistant General Counsel, Florida Department of Corrections, Tallahassee, for Appellee.
PER CURIAM.
William Head, Appellant, seeks review of a circuit court order dismissing his petition for writ of mandamus as untimely under section 95.11(8), Florida Statutes (2006). Appellant argues that the circuit court erred in applying section 95.11(8) instead of 95.11(5)(f), Florida Statutes (2006), when it dismissed his petition. The State concedes that the circuit court applied the incorrect statutory provision. We agree and reverse the circuit court's order dismissing Appellant's petition for writ of mandamus because the circuit court erred in finding that Appellant's claim was time-barred.
On July 10, 2006, Appellant filed a grievance with the Department of Corrections (DOC) requesting application of his gain time to his release date. Following Appellant's exhaustion of his administrative remedies, the Office of the Secretary of the DOC entered its final denial of Appellant's grievance appeal on September 19, 2006. Appellant filed a petition for writ of mandamus in the circuit court on November 1, 2006, raising the same arguments he asserted in his original grievance.[1] The circuit court denied Appellant's petition as untimely under section 95.11(8) on January 16, 2007.
Section 95.11(8) requires a party appealing a prison disciplinary proceeding to file a petition within thirty days of the Office of the Secretary of the DOC's final decision. In contrast, section 95.11(5)(f) provides that "[e]xcept for actions [challenging prison disciplinary proceedings], a petition for extraordinary writ, other than a petition challenging a criminal conviction, filed by or on behalf of a prisoner" must be brought within one year of exhausting administrative remedies. See also Canete v. Fla. Dep't of Corr., 967 So.2d 412, 414 (Fla. 1st DCA 2007) (holding that an inmate's claim for mandamus relief regarding restoration of jail credit was not time-barred under section 95.11(5)(f) when he exhausted all administrative remedies and invoked the trial court's jurisdiction well within one year of that date).
Appellant sought review of an administrative determination that denied application of gain time to his date of release *585 in his petition for writ of mandamus. Appellant did not argue against a disciplinary proceeding or his conviction. Therefore, the thirty-day time period set forth in section 95.11(8) is inapplicable, and section 95.11(5)(f), which sets forth a one-year time period, is the provision governing Appellant's petition. Appellant's petition was filed well within the time period set forth in section 95.11(5)(f) and should have been considered timely filed.
Accordingly, the order of the circuit court dismissing Appellant's petition for writ of mandamus as untimely is REVERSED and the matter is REMANDED for further proceedings consistent with this opinion.
PADOVANO, LEWIS, and THOMAS, JJ., concur.
NOTES
[1] Pro se prisoners' petitions are deemed filed on the date they are delivered to prison officials. Haag v. State, 591 So.2d 614, 617 (Fla. 1992).