VILLANTI, Judge.
 

 We affirm the summary denial of Steven G. Brown’s motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a) but write to explain an additional basis to affirm the denial of claim one of his motion.
 

 A jury convicted Brown of first-degree murder pursuant to section 782.04(1), Florida Statutes (1987). For that offense, he was sentenced to prison for “a term of Natural Life (25 Year Minimum Mandatory)” in accordance with section 775.082(1), Florida Statutes (1987), which provides: “A person who has been convicted of a capital felony shall be punished by life imprisonment and shall be required to serve no less than 25 years before becoming eligible for parole unless [the death penalty is imposed].”
 
 [1]
 

 In claim one of his motion, Brown alleged that the Department of Corrections (DOC) has informed him that he is not eligible for parole because he was sentenced to a capital offense.
 
 [2]
 
 Although Brown framed his claim as one based on a sentencing error (which the postconviction court properly rejected), the actual basis of the claim is the DOC’s interpretation of his sentence. A claim that the DOC has incorrectly interpreted a sentence is not cognizable in a rule 3.800(a) motion.
 
 See Swinney v. State,
 
 757 So.2d 1218, 1218 (Fla. 2d DCA 2000). Instead, any complaint that the DOC has misinterpreted Brown’s sentence must be addressed through administrative procedures and, if necessary, by a petition for writ of mandamus filed in Leon County.
 
 See id.; see also Stovall v. Cooper,
 
 860 So.2d 5, 7-8 (Fla. 2d DCA 2003) (en banc).
 

 Accordingly, the order denying Brown’s rule 3.800(a) motion is affirmed in all respects.
 

 Affirmed.
 

 FULMER and KHOUZAM, JJ., Concur.
 

 [1]
 

 . In 1994, section 775.082(1) was amended to eliminate the possibility of parole for capital offenses. Ch. 94-228, § 1, Laws of Fla.
 

 [2]
 

 . Brown’s eligibility for parole would also be affected by his sentence of fifteen years in prison for aggravated child abuse, which is running consecutively to the life sentence imposed on the murder conviction.