MARSTILLER, J.'
: Appellant, J.W. is .a Florida Medicaid recipient enrolled in Magellan Behavioral Health of Florida, Inc. (“Magellan”), a Managed Care Organization under contract with'the Agency for Health Care Administration (“AHCA”). On May 5, 2013, J.W. was admitted to Flagler Hospital under the Baker Act[1] with observed paranoia, delusion, and flight of ideas, and received psychiatric treatment. On May 10, 2013, Flagler Hospital submitted a pri- or authorization request to Magellan for Appellant to continue receiving in-patient psychiatric treatment. Magellan denied *544 the request citing a lack of medical necessity for the requested level of care beyond May 9, 2013. J.W. sought an internal appeal with Magellan regarding the denial. Magellan issued an Appeals Decision letter dated May 14, 2013, upholding the denial of preauthorization for in-patient psychiatric services. The letter advised J.W. of his right to seek further review through a fair hearing conducted by the Department. In the meantime, Flagler Hospital continued providing J.W. in-patient psychiatric treatment until he was transferred to Northeast Florida State Hospital on June 19, 2013.
Thereafter, Dawn Broun, an employee of Flagler Hospital, acting as J.W.’s authorized representative, submitted a fair hearing request on his behalf to the Department of Children and Families (“DCF”).[2] At the telephonic hearing, counsel for Magellan contended that because J.W. received the requested treatment from Fla-gler Hospital) the matter ceased to be subject to a fair hearing and was now a dispute between the hospital and Magellan over payment for the treatment. DCF’s hearing officer agreed, determined the agency lacked jurisdiction over the matter, and dismissed J.W.’s hearing request. Reviewing DCF’s ruling on jurisdiction de novo, see Mora v. McDonough, 934 So.2d 587, 588 (Fla. 1st DCA 2006), we conclude the ruling was correct.
In Florida, Medicaid only authorizes and pays for those covered services deemed medically necessary. See Fla. Admin. Code R. 59G-1.010(166); see also 42 C.F.R. § 440.230(d) (providing that the state Medicaid agency “may place appropriate limits on a service based on such criteria as medical necessity or on utilization control procedures”). According to the Medicaid Provider Reimbursement Handbook, CMS-1500 (July 2008) (“Handbook”), incorporated by reference in Florida Administrative Code Rule 59G-4.001(1), certain services, including in-patient psychiatric services, require prior authorization — i.e., a determination before services are provided that they are medically necessary — before a provider can be reimbursed. See Handbook at 3-2. Under Federal law, a state must “provide for granting an opportunity for a fair hearing before the State [Medicaid] agency to any individual whose claim for medical assistance under the plan is denied or is not acted upon with reasonable promptness[.]” 42 U.S.C. § 1396a(a)(3); see also 42 C.F.R. 431.220(a)(2).(“The State [Medicaid] agency must grant an opportunity for a hearing to ... [a]ny beneficiary who requests it because he or she believes the agency has taken an action erroneously.”). Although AHCA is the Medicaid agency for Florida, see sections 409.901(2), 409. 902(1), Florida Statutes, DCF is responsible for conducting fair hearings. See §§ 409.285, 409.902(1), Fla. Stat.; Fla. Admin. Code R. 65-2.042 et seq.
Under this statutory and regulatory scheme, J.W., as a Medicaid beneficiary, was entitled to a fair hearing to challenge Magellan’s denial of prior authorization for Medicaid-covered inpatient psychiatric treatment after May 9, 2013. But then, before seeking such hearing, J.W. received the requested treatment from his health care provider — Flagler Hospital. DCF was correct to dismiss J.W.’s fair hearing request under these circumstances because, once he received the continued psychiatric treatment he’d asked for, he no longer needed agency review of Magellan’s *545 decision not to authorize the treatment. Rather, the issue at that point became whether Flagler Hospital could be paid by-Medicaid for the services it had rendered mthout prior authorization. And that is not, under 42 U.S.C. section 1396a(a)(3), an issue that a Medicaid beneficiary has the right to seek a fair hearing on. As such, DCF correctly dismissed J.W.’s hearing request, and we affirm the Final Order of Dismissal on appeal.
AFFIRMED.
WOLF and SWANSON, JJ., concur.

. See § 394.467, Fla. Stat.

. AHCA asserts for the first time on appeal that the hearing request was untimely. We therefore do not address the argument. In any event, the record does not clearly establish the request was, in fact, untimely.