IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JEREMIAH BUTLER,

     Appellant,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

v.

CASE NO. 1D16-5779

JULIE L. JONES, FLORIDA
DEPARTMENT OF
CORRECTIONS,

     Appellee.

_____/

Opinion filed August 14, 2017.

An appeal from an order of the Circuit Court for Leon County.
Charles W. Dodson, Judge.

Jeremiah Butler, pro se, Appellant.

Kenneth Steely, General Counsel, Florida Department of Corrections, Pamela Jo
Bondi, Attorney General, and Sharon Traxler, Assistant Attorney General,
Tallahassee, for Appellee.


PER CURIAM.

     Appellant challenges the denial of his "Petition for Writ of Mandamus And
Or Alternative Habeas Corpus." The circuit court dismissed the Petition because it
found it had no jurisdiction to consider what it deemed a collateral challenge to a
judgment and sentence. The Petition is not a collateral challenge to a judgment

and sentence, and we are therefore constrained to reverse for the circuit court's further consideration.

Where a prisoner challenges the Department's calculation or interpretation of his or her sentence, the prisoner must first exhaust administrative remedies through the Department. *See Massey v. Crosby*, 860 So. 2d 529, 529 (Fla. 4th DCA 2003) (mem.) (citing *Bedford v. State*, 775 So. 2d 402, 402 (Fla. 4th DCA 2000)); *Brown v. State*, 13 So. 3d 1087, 1087 (Fla. 2d DCA 2009) (mem.). After, the prisoner may seek review of that administrative decision via extraordinary writ—mandamus if the prisoner is not seeking entitlement to immediate release. *Head v. McNeil*, 975 So. 2d 583, 584-85 (Fla. 1st DCA 2008); *see Bush v. State*, 945 So. 2d 1207, 1211 (Fla. 2006). The prisoner has one year from the date of exhausting administrative remedies to file the petition and venue is proper in Leon County—where the Department is located. *Bush*, 945 So. 2d at 1213-14; *Head*, 975 So. 2d at 584-85.

Appellant filed a Petition replete with references to how the Department calculated his gain time, forfeited gain time, and arrived at a tentative release date (TRD). Appellant further suggested the Department erred in failing to restore forfeited gain time due to an errant sexual offender classification. Appellant attached various administrative grievances and Department responses to the Petition—all discussing gain time and TRD calculations. Appellant calculated a

2

2036 TRD, the Department calculated 2058. Appellant was not collaterally challenging his judgment or sentence. He raised no issue as to the court, its rulings, or the legality of his thirteen and fifty year sentences. His claims were directed at the Department and its implementation of sentences he agrees he has and does not challenge.

However inartful the Petition[1] and whatever the merits may be,[2] Appellant challenged the Department's calculation of his TRD. The circuit court dismissed the Petition on the sole ground it was not the sentencing court and therefore lacked jurisdiction to hear a collateral challenge. This was error, and it requires our reversal.

Accordingly, the court's dismissal order is REVERSED, and the cause is REMANDED for the circuit court's further consideration.

WOLF and ROWE, JJ., and GRIFFIS III, STANLEY H., ASSOCIATE JUDGE, CONCUR.

---

[1] For example, the first page of the Petition asserts Appellant is seeking review of orders entered in criminal cases and cites separation of powers and the ex post facto prohibition.

[2] We express no opinion as to the merits of Appellant's Petition. That is entirely for the circuit court.